**CASE NO. 22-1320**

# IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## FOR THE FOURTH CIRCUIT

JOHN DAVIS MASSEY, JR.,

*Plaintiff - Appellant,*

v.

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY,
Commonwealth of Virginia*,*

*Defendant - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE

**OPENING BRIEF OF APPELLANT**

STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
540-283-0802
thomas@strelkalaw.com

Thomas E. Strelka
thomas@strelkalaw.com

L. Leigh R. Strelka
leigh@strelkalaw.com

N. Winston West, IV
winston@strelkalaw.com

Brittany M. Haddox
brittany@strelkalaw.com

*Counsel for Appellant*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __22-1320__   Caption: __John Davis Massey, JR v. Virginia Polytechnic and State University__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__John Davis Massey, JR__
(name of party/amicus)

_____

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO

2.  Does party/amicus have any parent corporations?  ☐YES ☑NO
    If yes, identify all parent corporations, including all generations of parent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐YES ☑NO
    If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
      financial interest in the outcome of the litigation?              ☐YES ☑NO
      If yes, identify entity and nature of interest:


5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
      If yes, identify any publicly held member whose stock or equity value could be affected
      substantially by the outcome of the proceeding or whose claims the trade association is
      pursuing in a representative capacity, or state that there is no such member:


6.    Does this case arise out of a bankruptcy proceeding?              ☐YES ☑NO
      If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
      party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
      caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
      corporation that owns 10% or more of the stock of the debtor.


7.    Is this a criminal case in which there was an organizational victim?    ☐YES ☑NO
      If yes, the United States, absent good cause shown, must list (1) each organizational
      victim of the criminal activity and (2) if an organizational victim is a corporation, the
      parent corporation and any publicly held corporation that owns 10% or more of the stock
      of victim, to the extent that information can be obtained through due diligence.


Signature: /s/ Thomas E. Strelka _____    Date: _____4/8/2022_____

Counsel for: Appellant _____

- 2 -

[Print to PDF for Filing]

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ iii

I.  JURISDICTIONAL STATEMENT ................................................. 1

II.  STATEMENT OF ISSUES .............................................................. 2

III.  STATEMENT OF THE CASE ......................................................... 2

IV.  SUMMARY OF ARGUMENT ........................................................ 6

V.  STANDARD OF REVIEW .............................................................. 7

VI.  ARGUMENT .................................................................................... 8

A. Massey did not waive his argument, presented for the first time
   before the District Court orally, that state courts had concurrent
   jurisdiction over Rehabilitation Act claims, because his argument
   was in direct response to Virginia Tech's contention in its Reply
   Brief that the state court lacked jurisdiction over Rehabilitation Act
   claims ............................................................................................... 8

B. States have concurrent jurisdiction over claims under the
   Rehabilitation Act .......................................................................... 11

C. The Fourth Circuit cases relied upon by the District Court are
   inapplicable to this case ................................................................. 15

D. The Court erred when determined that the tolling provision of
   Virginia's nonsuit statute, Virginia Code Ann. §8.01-229(E)(3)
   cannot apply if the Virginia Circuit Court did not have jurisdiction
   over the State defendant ................................................................. 19

   i. In Virginia, a nonsuit is a litigant's statutory right. In order
      to receive a nonsuit, a litigant need only comply with the
      statute. When a litigant suffers a voluntary nonsuit, the
      tolling provisions become effective ....................................... 19

i

ii. The fact that the state court may not have been able to exercise jurisdiction over Virginia Tech due to the possible application of sovereign immunity did not divest the state court of the ability to enter a nonsuit order, triggering the tolling provisions of Virginia Code § 8.01-229(E)(3) ...................21

iii. Because the Rehabilitation Act has a state statute of limitations, Virginia's nonsuit statute applies to toll the statute of limitations ........................................................................24

VII.   CONCLUSION.................................................................................28

# TABLE OF AUTHORITIES

## Cases

*Antonsen v. Ward*,
No. 87 Civ. 7314 (JMC), 1991 U.S. Dist. LEXIS 943
(S.D.N.Y. Jan. 30, 1991) ................................................................... 14

*Birch v. Peters*,
25 Fed. Appx. 122, 2001 U.S. App. LEXIS 27218
(4th Cir. Dec. 26, 2001) ............................................................... 25-26

*Board of Regents v. Tomanio*,
446 U.S. 478, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980) ............................ 25, 27

*Bohler v. City of Fairview*,
No. 3:17-cv-1373, 2018 U.S. Dist. LEXIS 188978
(M.D. Tenn. Nov. 5, 2018) ................................................................. 27

*Bremer v. Doctor's Bldg. Partnership*,
251 Va. 74, 465 S.E.2d 787 (1996) ....................................................... 20

*Brown v. Nucor Corp.*,
785 F.3d 895 (4th Cir. 2015) ............................................................... 9

*Brown v. United States*,
No. 2:21-cv-69, 2021 U.S. Dist. LEXIS 89309
(E.D. Va. May 10, 2021) ............................................................... 21-22

*Bullock v. Univ. of Tex. at Arlington,*
No. 4:21-cv-0864-P, 2021 U.S. Dist. LEXIS 236607
(N.D. Tex. Dec. 10, 2021) ................................................................. 26

*Carr v. Comm'r of Soc. Sec.*,
No. 3:20-cv-00425-FDW-DSC, 2022 U.S. Dist. LEXIS 60351
(W.D.N.C. Mar. 30, 2022) ................................................................. 9

*Cooper v. Kijakazi*,
No. 0:21-213-PJG, 2022 U.S. Dist. LEXIS 38601 (D.S.C. Mar. 4, 2022) ......... 9

*Desisto v. City of Delray Beach*,
No. 14-80378-CIV-SELTZER, 2014 U.S. Dist. LEXIS 204130
(S.D. Fla. Sept. 10, 2014) ................................................................. 14

*FDIC v. Meyer*,
    510 U.S. 471, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) .................................. 21

*Gordon v. Kiser*,
    296 Va. 418, 821 S.E.2d 531 (2018) ....................................................... 22

*Grayson O Co. v. Agadir Int'l LLC*,
    856 F.3d 307 (4th Cir. 2017) ................................................................. 8

*Griffen v. Big Spring Indep. Sch. Dist.*,
    706 F.2d 645 (5th Cir. 1983) .............................................................. 24

*Guaranty Trust Co. v. York*,
    326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945) ......................................... 27

*Haines v. Grand Rapids*,
    No. 1:92:CV:615, 1993 U.S. Dist. LEXIS 8688
    (W.D. Mich. Apr. 23, 1993) ............................................................... 14

*Hardin v. Straub*,
    490 U.S. 536, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989) ............................... 25

*Haysbert v. Bloomin' Brands, Inc.*,
    No. 4:20cv121, 2022 U.S. Dist. LEXIS 43548 (E.D. Va. Feb. 18, 2022) ........ 10

*Hewlett v. Russo*,
    649 F. Supp. 457 (E.D. Va. 1986) ......................................................... 21

*In re KBR, Inc.*, *(Metzgar v. KBR, Inc.)*
    744 F.3d 326 (4th Cir. 2014) ................................................................ 8

*J.S. v. Isle of Wight Cty. Sch. Bd.*,
    402 F.3d 468 (4th Cir. 2005) .............................................................. 25

*John v. Salisbury Towing Corp.*,
    85 Va. Cir. 368 (Va. 2012) ................................................................. 21

*Johnson v. Railway Express Agency, Inc.*,
    421 U.S. 454, 44 L. Ed. 2d 295, 95 S. Ct. 1716 (1975) .................................... 25

*Kinson v. United States*,
    322 F. Supp. 2d 684 (E.D. Va. 2004) ................................................... 21

*Lake v. Arnold*,
    232 F.3d 360 (3d Cir. 2000) .............................................................. 25

*Lawler v. Peoria Sch. Dist. No. 150*,
  Nos.: 12-1299, 12-1329 2014 U.S. Dist. LEXIS 200275
  (C.D. Ill. July 21, 2014) ................................................................ 14

*Litgo N.J., Inc. v. Comm'r N.J. Dep't of Env't Prot.*,
  725 F.3d 369 (3d Cir. 2013) ........................................................ 13

*Long Island Trust Co. v. Dicker*,
  659 F.2d 641 (5th Cir. 1981) ...................................................... 24

*McManama v. Plunk*,
  250 Va. 27, 458 S.E.2d 759 (1995) ....................................... 19, 23

*Metro. Reg'l Info. Sys. v. Am. Home Realty Network, Inc.*,
  722 F.3d 591 (4th Cir. 2013) ...................................................... 11

*Mims v. Arrow Fin. Servs., LLC*,
  565 U.S. 368, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) ................. 11

*Nash v. Jewell*,
  227 Va. 230, 315 S.E.2d 825 (1984) ........................................... 20

*Rivers v. Woodfield*,
  No. 90-21-N, 1990 U.S. Dist. LEXIS 21069 (E.D. Va. May 1, 1990) ............. 23

*Roberts v. Berkle Welding & Fabricating, Inc.*,
  Civil Action No. 17cv315, 2018 U.S. Dist. LEXIS 149519
  (E.D. Va. Aug. 31, 2018) ............................................................. 5

*Robinson v. Clipse*,
  602 F.3d 605 (4th Cir. 2010) ........................................................ 8

*Scoggins v. Douglas*,
  760 F.2d 535 (4th Cir. 1985) ................................................ 4-5, 25

*Shircliff v. Elliott*,
  384 F.2d 947 (6th Cir. 1967) ...................................................... 24

*Shofer v. Hack Co.*,
  970 F.2d 1316 (4th Cir. 1992) ............................................... *passim*

*Smith v. Pennington*,
  352 F.3d 884 (4th Cir. 2003) ........................................................ 8

*Spaulding v. Mingo Cty. Bd. of Educ.*,
   897 F. Supp. 284 (S.D.W. Va. 1995) .................................................. 14

*Trout v. Commonwealth Transp. Comm'r*,
   241 Va. 69, 400 S.E.2d 172 (1991) ................................................... 19

*United States v. Bank of New York & Trust Co.*,
   296 U.S. 463, 56 S. Ct. 343, 80 L. Ed. 331 (1936) .......................... 11

*Velasco v. Gov't of Indon.*,
   370 F.3d 392 (4th Cir. 2004) ............................................................... 8

*Vilches v. Multnomah Educ. Serv. Dist.*,
   No. 02-294-AS, 2004 U.S. Dist. LEXIS 15259 (D. Or. May 5, 2004) ............ 14

*W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP*,
   No. 6:17-cv-00018, 2021 U.S. Dist. LEXIS 197281
   (W.D. Va. Oct. 13, 2021) ..................................................................... 9

*Wade v. Danek Med., Inc.*,
   182 F.3d 281 (4th Cir. 1999) ............................................................. 25

*Walko Corp. v. Burger Chef Systems, Inc.*,
   281 Md. 207, 378 A.2d 1100 (1977) ................................................. 17

*Waterman v. Halverson*,
   261 Va. 203, 540 S.E.2d 867 (2001) ............................................ 22-23

*Wilson v. Garcia*,
   471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985) ............ 24, 25

*Wolsky v. Med. Coll. of Hampton Rds.*,
   1 F.3d 222 (4th Cir. 1993) ................................................................. 24

*Woodson v. Allstate Ins. Co.*,
   855 F.3d 628 (4th Cir. 2017) ...................................................... *passim*

*Yarber v. Allstate Ins. Co.*,
   674 F.2d 232 (4th Cir. 1982) ............................................................. 27

*Yellow Freight Sys. v. Donnelly*,
   494 U.S. 820, 110 S. Ct. 1566 (1990) .................................. 11, 12, 18

## Statutes

28 U.S.C. § 1291 ................................................................ 1

28 U.S.C. § 1658 ............................................................. 24

29 U.S.C. § 794 .............................................................. 24

29 U.S.C. § 1132 ............................................................ 16

42 U.S.C. § 794a ............................................................ 13

42 U.S.C. § 1983 ............................................................ 25

42 U.S.C. § 2000d-7 ...................................................... 26

42 U.S.C. § 2000e-5 ............................................... 12, 13, 15

29 U.S.C. §§ 701 *et seq.* ................................................. 1

29 U.S.C. §§ 2601 *et seq.* ............................................... 1

Tex. Civ. Prac. & Rem. Code Ann. § 16.064 .............. 26, 27

Va. Code Ann. § 8.01-229 ...................................... *passim*

Va. Code Ann. § 8.01-380 ...................................... *passim*

Va. Code Ann. § 51.5-46 ................................................ 25

Va. Code Ann. §§ 51.5-40 *et seq.* ................................ 24

## Other Authorities

44 C.F.R. § 62.22 .......................................................... 13

Annotation, *Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, As Applicable in Cases Where Original Action Failed for Lack of Jurisdiction,*
6 A.L.R.3d 1043 (1966 and 1989 Supp.) ................... 23, 24

Fed. R. Civ. P. 12 ........................................................ 4, 7

## I. JURISDICTIONAL STATEMENT

Appellant John Massey filed suit in the United States District Court for the Western District of Virginia on January 29, 2021, for claims arising from federal questions presented by the Family and Medical Leave Act, as codified under Title 29 U.S.C. §§ 2601 *et seq.* ("FMLA), and the Rehabilitation Act of 1973, codified at 29 U.S.C. §§ 701 *et seq*, due to the acts and omissions of Appellee Virginia Polytechnic Institute and State University ("Virginia Tech"). (Joint Appendix, "JA", 6; ECF 1). Specifically, Massey made claims of FMLA interference, and discrimination and retaliation in violation of the Rehabilitation Act. Virginia Tech moved to dismiss all claims (JA 233; ECF 3), and the District Court conducted a hearing on the Motion on June 22, 2021. (JA 236; ECF 15). On March 21, 2022, the District Court entered an order granting Virginia Tech's Motion. (JA 252, 258; ECF 16, 17).

This Court's jurisdiction rests on 28 U.S.C. § 1291, as the District Court entered a final order dispensing with all the pending claims before it. Appellant now brings this appeal as to particular aspects of the District Court's Memorandum Opinion and Order of March 21, 2022, dismissing Appellant's Rehabilitation Act claims.

## II.    STATEMENT OF ISSUES

a. The District Court erred in concluding that Massey's argument regarding the concurrent jurisdiction of state and federal courts over Rehabilitation Act claims is waived.

b. The District Court erred when it held that state courts do not have jurisdiction over Rehabilitation Act claims as a matter of law.

c. The District Court erred when it relied upon *Woodson* and *Shofer*, two cases dealing with equitable tolling under federal statutes with exclusive federal jurisdiction and federal statutes of limitations, which do not consider or apply the Virginia nonsuit statute, Virginia Code Ann. § 8.01-380, to find that lack of jurisdiction will defeat the tolling of the statute of limitations.

d. The District Court erred when determined that the tolling provision of Virginia's nonsuit statute, Virginia Code Ann. § 8.01-229(E)(3) did not apply toll the statute of limitations for Massey's Rehabilitation Act claims, thus making his filing in the District Court untimely.

## III.    STATEMENT OF THE CASE

Massey, a long-term employee of Virginia Tech with an excellent employment record, suffers from a painful double hernia that causes chronic pain and limits his daily life activities. (JA 7-8; Compl. ¶¶ 8, 10, 11-12). Virginia Tech was aware of Massey's physical impairment and regarded Massey as having a disability/serious health condition. (JA 8-9; Compl. ¶¶ 15-16). In April of 2019, Massey required approximately ten days of leave to undergo hernia surgery and recover from the operation. (Compl. ¶ 17). This period of leave was an accommodation pursuant to the Rehabilitation Act. (JA 9; Compl. ¶ 17).

2

While Massey was on leave, his supervisor continued to communicate with him regarding work-related obligations. (JA 9; Compl. ¶ 19). The tone of these communications gave Massey concern about the permanence of his job. *Id.* In fact, despite the fact that Massey's health care provider recommended four to six weeks of recovery time, Massey felt immense pressure to return to his job sooner than recommended, believing that he would be punished or terminated if he remained on leave. *Id.*

On July 29, 2019, just three months after his surgery, Massey received a letter from Virginia Tech stating that his position at Virginia Tech would be "abolished" on October 31, 2019, citing "financial hardship." (JA 10; Compl. ¶ 21). However, no financial hardship existed within Massey's department, showing that the decision to terminate Massey's employment was merely a pretext for discrimination/retaliation based upon his disability/serious health condition and related medical leave. (JA 10-11; Compl. ¶¶ 22-25)

On July 27, 2020, less than one year from when Massey was notified of his job elimination, Massey filed a Complaint in the Circuit Court of Montgomery County, pleading FMLA and Rehabilitation Act claims. On August 18, 2020, Virginia Tech filed a Demurrer and Plea in Sovereign Immunity, arguing, among other things, that Virginia Tech was immune from suit in Virginia state courts. In January 2021, Massey, pursuant to his rights under Virginia state law, filed a motion

3

for nonsuit in the Virginia Circuit Court, which the state court granted without prejudice, awarding him a nonsuit "pursuant to Virginia Code Section 8.01-380."

Shortly after taking a nonsuit, on January 29, 2021, Massey refiled his Complaint in the United States District Court for the Western District of Virginia. (JA 6; ECF 1). Virginia Tech filed a Motion to Dismiss the Complaint under FRCP 12(b)(1) and 12(b)(6), arguing among other things that Massey's Rehabilitation Act claims were time barred because the federal suit was not filed within the one-year statute of limitations. (JA 236; ECF 4). In its Motion, Virginia Tech did not assert that that Virginia state courts lacked jurisdiction over Rehabilitation Act claims, nor did it argue that sovereign immunity barred claims under that Act.

In his Brief in Opposition, Massey argued that his claims were not time barred because the "action was originally and timely filed in the Circuit Court for Montgomery County." (JA 248; ECF 7, p.4) The nonsuit tolled the statute of limitations, thus making his federal filing timely. Massey cited Fourth Circuit precedent for the proposition that actions filed in a Virginia state court, including those claims arising under federal question jurisdiction, toll the statute of limitations if a nonsuit order is entered dismissing the action without prejudice. *See Scoggins v. Douglas*, 760 F.2d 535 (4th Cir. 1985) (holding that a litigant who originally filed federal constitutional claims in state court and received an order of nonsuit from the state court, would have made timely filings in U.S. District Court, if he had refiled

4

within six months as outlined in Va. Code § 8.01-380); *Roberts v. Berkle Welding & Fabricating, Inc*., Civil Action No. 3:17cv315, 2018 U.S. Dist. LEXIS 149519 (E.D. Va. Aug. 31, 2018) (holding that a prior filing of an FLSA action in state circuit court that was nonsuited did not deprive the U.S. District Court of jurisdiction).

Virginia Tech replied with a sovereign immunity argument, contending that because the Commonwealth courts lacked jurisdiction to entertain claims under the Rehabilitation Act, Massey's suit in state court and his subsequent nonsuit could not toll the statute of limitations. (JA 257; ECF 8, p. 6).  Virginia Tech cited two Fourth Circuit cases dealing with equitable tolling under federal tolling principles (not tolling under the Virginia nonsuit statute) for the rule that "the commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." (JA 259; ECF 8, p. 4).

A hearing on the Motion to Dismiss was held on June 21, 2021. (JA 15; ECF 15). The District Court adopted Virginia Tech's argument and determined that "[t]he tolling provision [of Virginia Code Ann. § 8.01-229(E)(3)] does not apply . . . because state courts do not have jurisdiction over Rehabilitation Act claims." (JA 256; ECF 16, p.5). Without the benefit of the tolling provision of Virginia's nonsuit statute, "Massey's Rehabilitation Act claims are time-barred." (*Id*.) The District Court also noted in a footnote, that contrary to Massey's arguments before the that

5

court, no "statutory language of the Rehabilitation Act supports jurisdiction over Rehabilitation Act claims in state court." (JA 256; ECF 16, p. 5, fn2). Regardless, the District Court determined such argument about state jurisdiction over Rehabilitation Act claims was "waived because it was not included in Massey's response brief." (*Id.*). The District Court granted Virginia Tech's Motion to Dismiss and dismissed Massey's claims with prejudice. (JA 258; ECF 17).

## IV.    SUMMARY OF ARGUMENT

Massey's initial filing in state court tolled the statute of limitations as to his Rehabilitation Act claims. When he acted on his statutory right to a nonsuit, the tolling provisions of that statute were triggered, making Massey's filing in the District Court, timely. The District Court's reliance on *Shofer v. Hack Co.*, 970 F.2d 1316 (4th Cir. 1992) and *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 634 (4th Cir. 2017), is misplaced as those cases involve determinations as to whether to "equitably toll" a federal statute of limitations "under federal tolling principles." Neither case has a procedural posture similar to Massey's case. Neither case involved a voluntary dismissal of any kind; neither was decided under Virginia law, nor contains a single mention of the Virginia nonsuit statute.

Massey's oral argument before the District Court contending that state courts do have jurisdiction over Rehabilitation Act claims was not waived, as it responded to Virginia Tech's contention that "Virginia state courts never had jurisdiction over his Rehab Act claims," raised for the first time in its Reply Brief. (JA 255; ECF 8,

6

p.4). Moreover, federal district courts across the country have acknowledged the concurrent jurisdiction of state and federal courts over Rehabilitation Act claims.

As a federal civil rights statute supplied with a state statute of limitations, claims under the Rehabilitation Act necessarily get the benefit of state tolling provisions such as the Virginia nonsuit statute. The possibility that Virginia Tech's plea of sovereign immunity may have barred Massey's state court lawsuit from going forward does not deny him the right to take a nonsuit or benefit from the tolling provision triggered by that statute. The right to take a nonsuit in Virginia is statutory, not equitable, and is not affected by the potential claims or defenses of a party; as long as the statutory criteria of Code § 8.01-380 are met, the tolling provisions of Code § 8.01-229 apply. Virginia case law indicates that a trial court's lack of jurisdiction is not a barrier to the issuance of a nonsuit order, and the nonsuit statute itself contemplates possible failure of jurisdiction as a reason a plaintiff may suffer a voluntary nonsuit. Finally, federal case law holds that cases which are actually dismissed by a state court for lack of jurisdiction may benefit from the tolling provisions of Code § 8.01-229 and go forward when refiled in federal court after the original limitations period has run.

## V.    STANDARD OF REVIEW

The District Court dismissed the Massey's claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and

determined that his claims under the Rehabilitation Act were time-barred. In these circumstances, an appellate court reviews a district court's "factual findings with respect to jurisdiction for clear error and the legal conclusion that flows therefrom *de novo*." *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir. 2014) (quoting *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004)); *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Smith v. Pennington*, 352 F.3d 884, 892 (4th Cir. 2003).

## VI.   ARGUMENT

### A. Massey did not waive his argument, presented for the first time before the District Court orally, that state courts had concurrent jurisdiction over Rehabilitation Act claims, because his argument was in direct response to Virginia Tech's contention in its Reply Brief that the state court lacked jurisdiction over Rehabilitation Act claims.

At the conclusion of its Opinion granting Virginia Tech's Motion to Dismiss Massey's Rehabilitation Act claims, the District Court dropped the following footnote:

> At the hearing, Massey argued that the statutory language of the Rehabilitation Act supports jurisdiction over Rehabilitation Act claims in state court. This argument, aside from being incorrect, is waived because it was not included in Massey's response brief. *See, e.g., Grayson O Co. v. Agadir Int'l LLC*, 856 F3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in his opening brief or by failing to develop his argument—even if his brief takes a passing shot at the issue.").

(JA 281; ECF 16, p. 5).

8

In the interest of judicial economy, the Fourth Circuit and its District Courts have repeatedly held that when the parties fail to raise an argument in their opening brief, they waive that argument. See, e.g., *W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP*, No. 6:17-cv-00018, 2021 U.S. Dist. LEXIS 197281, at *14 n.6 (W.D. Va. Oct. 13, 2021). For a party in motions practice before a trial court, the movant's opening brief is his motion and memorandum in support; the respondent's first written statement before the court is his brief in opposition. The axiom from *Grayson O Co*. cited by the District Court applies equally to both parties.

"An appellant must raise every issue that he wishes to press in his opening brief. If the appellant fails to address an issue there, then we will deem the issue waived or abandoned. We have repeated this rule so often that it might rightfully be termed the best-established rule in appellate procedure." *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015) (Agee, dissenting). This rule applies not only to appellate courts, but also to appellate-type proceedings before District Courts, *see, e.g., Carr v. Comm'r of Soc. Sec.*, No. 3:20-cv-00425-FDW-DSC, 2022 U.S. Dist. LEXIS 60351, at *6 (W.D.N.C. Mar. 30, 2022) (appeal of ALJ decision); *Cooper v. Kijakazi*, No. 0:21-213-PJG, 2022 U.S. Dist. LEXIS 38601, at *7 (D.S.C. Mar. 4, 2022) (trial court review of decision of social security commissioner); *W.C. English, Inc. v. Rummel, Klepper & Kahl, LLP*, No. 6:17-cv-00018, 2021 U.S. Dist. LEXIS 197281, at *14 n.6 (W.D. Va. Oct. 13, 2021) (motion for directed verdict). It even

9

applies to motions practice in the trial court. *See Haysbert v. Bloomin' Brands, Inc.*, No. 4:20cv121, 2022 U.S. Dist. LEXIS 43548, at *14 n.4 (E.D. Va. Feb. 18, 2022) (finding movant had waived arguments not set out in his Motion for Summary Judgment).

In its Motion to Dismiss, Virginia Tech made a single argument against Massey's Rehabilitation Act claims—that they were "time barred because Plaintiff failed to file this [federal] case within the one-year statute of limitations." (JA 241; ECF 4, p. 6). Virginia Tech did not argue that state courts lacked jurisdiction over Rehabilitation Act claims, nor did it raise the issue of sovereign immunity as to those claims. Accordingly, Massey met Virginia Tech's single argument with a pointed response—that Massey's state court filing tolled the statute of limitations because he took a voluntary nonsuit: "Federal courts in the Fourth Circuit have long held that actions filed in a Virginia state court, including those claims arising under federal question jurisdiction, toll the statute of limitations if a nonsuit order is entered dismissing the action without prejudice." (JA 242; ECF 7, p. 4).

In its Reply Brief, Virginia Tech, raised for the first time before the District Court, the assertions that "Virginia state courts never had jurisdiction over his Rehab Act claims," (JA 254; ECF 8, p. 3), and that "the General Assembly has not waived sovereign immunity for the Commonwealth and its agencies to be sued in its own courts for alleged violations of the Rehab Act." Massey's oral argument with regard

10

to the ability of state courts to hear claims under the Rehabilitation Act was in direct response to Virginia Tech's Reply Brief. If Massey has waived his right to make that argument because he did not put it in his Brief in Opposition, Virginia Tech has certainly waived its argument that the state court lacked jurisdiction over Massey's claims and that it was protected by sovereign immunity with regard to the Rehabilitation Act claims, by not including those arguments in its Memorandum in Support of its Motion to Dismiss. A party "waive[s] [an] argument by raising it for the first time in its *reply brief*." *Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 602 n.13 (4th Cir. 2013) (emphasis added).

### B. States have concurrent jurisdiction over claims under the Rehabilitation Act.

In cases "arising under federal law," "there is a deeply rooted presumption in favor of concurrent state court jurisdiction, rebuttable [only] if Congress affirmatively ousts the state courts of jurisdiction over a particular federal claim." *Mims v. Arrow Fin. Servs., LLC* , 565 U.S. 368, 378, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (quotation marks and citation omitted). And "'the grant of jurisdiction to one court does not, of itself, imply that the jurisdiction is to be exclusive.'" *Id.* at 380, 132 S. Ct. 740, quoting *United States v. Bank of New York & Trust Co.* , 296 U.S. 463, 479, 56 S. Ct. 343, 80 L. Ed. 331 (1936).

Applying these principles, the United States Supreme Court unanimously held in *Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566 (1990), that federal

11

courts do not have exclusive jurisdiction over civil actions brought under Title VII

because neither the text of Title VII, nor its enforcement provision set out in 42

U.S.C. § 2000e-5(f)(3), contained any language which expressly confined

jurisdiction to the federal courts or forbade state court jurisdiction:

> The enforcement provisions of Title VII provide that "[e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U. S. C. § 2000e-5(f)(3) (1982 ed.). Unlike a number of statutes in which Congress unequivocally stated that the jurisdiction of the federal courts is exclusive, Title VII contains no language that expressly confines jurisdiction to federal courts or ousts state courts of their presumptive jurisdiction. The omission of any such provision is strong, and arguably sufficient, evidence that Congress had no such intent.

*Id.* at 823, 110 S. Ct. at 1568-69. The statutory enforcement provision itself uses

the word "may" as opposed to "must:"

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action *may be brought* in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3). Massey made much of this distinction between "may"

and "must" in the court below. While the Title VII enforcement provision contains

a permissive statement of jurisdiction, other federal statutes, such as the National

Flood Insurance Act, the statute at issue in *Woodson v. Allstate Ins. Co.,* 855 F.3d

12

628 (4th Cir. 2017), which the District Court relied upon, states that a litigant "*must* file the suit in the United States District Court." *Id. at* 634 (citing 44 C.F.R. § 62.22) (emphasis added). Sister Circuit Courts of Appeal have recognized the distinction and declined to find concurrent jurisdiction when a statute's statement of jurisdiction is necessarily exclusive. *See, e.g., Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369, 394-95 (3d Cir. 2013) (RCRA claims "shall be brought" in a "district court"). That is not the case here.

While the United States Supreme Court has not specifically held that there is concurrent jurisdiction for Rehabilitation Act claims, decisions like *Yellow Freight Systems* are important for two reasons. First, *Yellow Freight* and its progeny make it clear that without a statement of exclusive jurisdiction or purposeful divestment, state courts of general jurisdiction are empowered to hear claims arising under federal statutes. Second, in *Yellow Freight*, the United States Supreme Court held that the plain language of 42 U.S.C. § 2000e-5(f)(3) did not describe exclusive federal court jurisdiction. This holding is particularly significant because the Rehabilitation Act uses the same enforcement provision. See 42 U.S.C. § 794a(a)(1). If the United States Supreme Court has held that the plain language of 42 U.S.C. §n2000e-5(f)(3) provides for concurrent jurisdiction, then that concurrent jurisdiction applies for all federal statutes, including the Rehabilitation Act, which rely upon that provision for their enforcement procedure.

Accordingly, numerous federal district courts have held that state and federal courts have concurrent jurisdiction over Rehabilitation Act claims. *Spaulding v. Mingo Cty. Bd. of Educ.*, 897 F. Supp. 284, 288 (S.D. W. Va. 1995) ("There is no indication Congress intended to make remedies under the . . . the Rehabilitation Act exclusive to the federal forum."); *Desisto v. City of Delray Beach*, No. 14-80378-CIV-SELTZER, 2014 U.S. Dist. LEXIS 204130, at *14 (S.D. Fla. Sep. 10, 2014) (dismissing plaintiff's federal lawsuit on basis of res judicata, finding that plaintiff's claims against the City under the Rehabilitation Act could have been brought in earlier state court action); *Lawler v. Peoria Sch. Dist. No. 150*, Nos. 12-1299, 12-1329, 2014 U.S. Dist. LEXIS 200275, at *8 (C.D. Ill. July 21, 2014) (state court could exercise concurrent jurisdiction over Plaintiffs' Rehabilitation Act claim); *Vilches v. Multnomah Educ. Serv. Dist.*, No. 02-294-AS, 2004 U.S. Dist. LEXIS 15259, at *22 (D. Or. May 5, 2004) (Plaintiff had a full and fair opportunity to litigate his Rehabilitation Act claims in Oregon state court); *Haines v. Grand Rapids*, File No. 1:92:CV:615, 1993 U.S. Dist. LEXIS 8688, at *4 (W.D. Mich. Apr. 23, 1993) (no evidence that plaintiff was barred from bringing Rehabilitation Act count in state court); *Antonsen v. Ward*, No. 87 Civ 7314 (JMC), 1991 U.S. Dist. LEXIS 943, at *11 (S.D.N.Y. Jan. 30, 1991) (noting that state court has the power to award attorneys' fees under the Rehabilitation Act).

## C. The Fourth Circuit cases relied upon by the District Court are inapplicable to this case.

Notwithstanding Massey's argument that the non-exclusive jurisdictional language of 42 U.S.C. § 2000e-5(f)(3) should control (ECF 15, p. 9-10), the District Court relied upon two Fourth Circuit cases dealing with other federal statutes, which do not make use of the Title VII enforcement provision: *Shofer v. Hack Co.*, 970 F.3d 1316 (4th Cir. 1992) and *Woodson v. Allstate Ins. Co.*, 855 F.3d 628 (4th Cir. 2017). There are numerous differences between *Shofer* and *Woodson* and the instant case which make the former two inapplicable to Massey's situation. First, neither *Shofer* nor *Woodson* considers Virginia law, much less Virginia's nonsuit statute. Second, both plaintiffs pursued causes of actions in forums which were specifically disallowed by the federal statutes governing their respective causes of action. Third, both sets of plaintiffs attempted to get around the statute of limitations by appealing to federal principles of equitable tolling, not statutory tolling under a state savings provision. Finally, both cases proceeded to a decision in the trial court and neither was voluntarily dismissed: the Woodsons received a verdict in their favor. *Shofer* was dismissed by the trial court for lack of jurisdiction.

Shofer filed claims under ERISA and state common law against his ERISA plan administrator in Maryland State Court within seventeen months of learning of his cause of action. *Shofer*, 970 F.2d at 1318. The state court dismissed the common

15

law claims as preempted by ERISA and dismissed the ERISA claims "because they were within the exclusive jurisdiction of the federal court under 29 U.S.C. § 1132(e)(1)" ("the district court of the United States shall have exclusive jurisdiction of civil actions under this title . . ."). *Id.* Following the state court dismissal, *Shofer* filed his claims in the United States District Court for the District of Maryland, forty-seven months after his claims accrued.  Applying a three-year federal statute of limitations, the federal court dismissed the plaintiff's claims as time-barred. *Id*. Shofer argued that his state court filing "should equitably toll the running of the statute of limitations under federal tolling principles." *Id.*

The federal district court distinguished all the cases relied upon by Shofer, noting that in each case in which the state filing did equitably toll the statute of limitations, "the state trial courts were found to have had jurisdiction over the federal claims when they were originally filed in [that] court." *Id.* at 1319. Noting the contrast between that situation and the exclusive federal jurisdiction over ERISA claims, the United States District Court for the District of Maryland found the statute of limitations was not tolled by Shofer's state court filing. *Id*.

On appeal, the Fourth Circuit disagreed with the trial court as to the applicable statute of limitations, finding that a state limitations period of three years applied to claims under ERISA other than those for breach of fiduciary duty. *Id.* at 1320. The Fourth Circuit then followed the important principle that when "applying the state

16

statute of limitations, the court must also apply state principles of tolling to that limitation period." *Id.* (citations omitted). Shofer had not voluntarily dismissed his case, so he had to argue for equitable tolling under Maryland law, which demanded a strict construction of statutes of limitations. *Id.* Noting that "where the [Maryland] Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute," the Fourth Circuit found that there could be no equitable tolling under the facts of that case. *Id.* (citing *Walko Corp. v. Burger Chef Systems, Inc.,* 281 Md. 207, 211, 378 A.2d 1100, 1102 (1977)).

Like *Shofer*, *Woodson*'s posture and procedural history are inapposite to Massey's case. The Woodsons filed a complaint in North Carolina state court against Allstate for breach of an insurance contract and other statutory claims under North Carolina law. *Woodson*, 855 F.3d at 630. Allstate removed the case to federal court under diversity jurisdiction, and the case concluded in a bench trial with a finding for the Woodsons on both causes of action. *Id*. at 630-31. On appeal, the Fourth Circuit noted that by the time Allstate removed the case to federal court, the one-year statute of limitations had run. *Id*. at 633. The Fourth Circuit, finding that applicable federal statutes required the plaintiffs to institute their action "only in the U.S. District Court for the district in which the insured property . . . shall have been

situated," did not do so in time, and thus, the suit was time-barred. *Id*. at 634. In response, the Woodsons argued that the federal statute of limitations should be tolled by their filing in state court within the one-year statute of limitations. *Id*. Citing *Shofer*, however, the *Woodson* court held that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Id.* (citing *Shofer*, 970 F.2d at 1319).

Unlike *Shofer* and *Woodson*, Massey filed suit under the Rehabilitation Act, a federal civil rights statute with an enforcement provision, judged by the United States Supreme Court to allow for concurrent jurisdiction. *See Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566 (1990). Unlike *Shofer* and *Woodson*, Massey voluntarily dismissed his state court action prior to any decision on the merits or even as to jurisdiction. Unlike *Shofer* and *Woodson*, Massey is not limited to arguments under equitable principles of tolling but appeals to his statutory right to a nonsuit and the consequent tolling provisions under Virginia law. The only point of decision of these two cases which is applicable to Massey's case is the *Shofer* court's observation that when a federal statute adopts a state statute of limitations, state tolling law applies. *See Shofer*, 970 F.2d at 1320. As argued more fully below, the Rehabilitation Act relies upon state statutes of limitations, and thus, state tolling provisions apply.

18

**D. The Court erred when determined that the tolling provision of Virginia's nonsuit statute, Virginia Code Ann. §8.01-229(E)(3) cannot apply if the Virginia Circuit Court did not have jurisdiction over the State defendant.**

> *i. In Virginia, a nonsuit is a litigant's statutory right. In order to receive a nonsuit, a litigant need only comply with the statute. When a litigant suffers a voluntary nonsuit, the tolling provisions become effective.*

A nonsuit has been described as "a weapon in the arsenal of a plaintiff." *Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991). A court considering a nonsuit request may not add any limitations not contained in the nonsuit statute itself. *See McManama v. Plunk*, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995). Under Virginia law, a trial court plaintiff may take a nonsuit if he complies with the terms of the statute, laid out in Virginia Code Ann. § 8.01-380:

Timing: The nonsuit must be claimed "before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380 (A).

Limitation in number: "Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right." Code § 8.01-380(B).

Permission of opposing party necessary in particular circumstances: "A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim, cross claim or third-party claim which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim, cross claim or third-party claim can remain pending for independent adjudication by the court." Code § 8.01-380(D).

Virginia Tech does not dispute that these criteria were satisfied. Once the statutory criteria are met, a litigant's right to a nonsuit in a Virginia court has been described as "absolute." *See Nash v. Jewell*, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984) ("The election is his and if he insists upon taking the nonsuit within the limitations imposed by this section, neither the trial court nor opposing counsel can prevent him from doing so."). A plaintiff is entitled to one nonsuit as a matter of right if the provisions of the statute are met, without further analysis of prejudice to the defendant. *Bremer v. Doctor's Bldg. Partnership*, 251 Va. 74, 81, 465 S.E.2d 787, 791 (1996).

Once the statutory prerequisites are met, the tolling provisions of Code § 8.01-229 are triggered: "A voluntary nonsuit taken pursuant to this section is subject to the tolling provisions of subdivision E 3 of § 8.01-229." Va. Code Ann. § 8.01-380(E). Those provisions are as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, regardless of whether the statute of limitations is statutory or contractual, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Va. Code Ann. § 8.01-229(E)(3). The tolling statute provides no caveats. Under the plain language of the statute, nothing additional is required to effectuate the

provisions of § 8.01-229(E)(3).  When a litigant "suffers a voluntary nonsuit" as Massey did in this case, the tolling provision of § 8.01-229(E)(3) applies. There is no Virginia caselaw which stands for the proposition that a plaintiff who takes a nonsuit under § 8.01-380, is not entitled to the tolling provisions of § 8.01-229(E)(3).

> ii. *The fact that the state court may not have been able to exercise jurisdiction over Virginia Tech due to the possible application of sovereign immunity did not divest the state court of the ability to enter a nonsuit order, triggering the tolling provisions of Virginia Code § 8.01-229(E)(3).*

Virginia Tech argues that because it was likely immune from suit in the state court, that court lacked jurisdiction over Massey's cause of action and his nonsuit is ineffective to toll the statute of limitations.  (Sovereign immunity is "jurisdictional in nature," *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)). Indeed, there is one scenario in which a voluntary nonsuit in Virginia has no power resuscitate a claim arising under federal law which is later refiled after the original period of limitations had passed,[1] but lack of jurisdiction due to the possible application of sovereign immunity is not that situation.

---

[1] State savings statutes, such as the Virginia nonsuit statute "cannot toll the statute of limitations under a federal statute *which has a limitations period.*" *John v. Salisbury Towing Corp.*, 85 Va. Cir. 368, 370-71 (Norfolk 2012) (emphasis added). When a federal statute of limitations is applicable, a Court must look to federal law for any appropriate tolling provisions. *Hewlett v. Russo*, 649 F. Supp. 457 (E.D. Va. 1986). See also *Kinson v. United States*, 322 F. Supp. 2d 684, 686-87 (E.D. Va. 2004) ("it is federal law, not state law that defines the limitations period"); *Brown v. United States*, No. 2:21-cv-69, 2021 U.S. Dist. LEXIS 89309, at *16-17 (E.D. Va.

21

While no case has examined the effect of a *probable* lack of jurisdiction on the tolling provisions of the nonsuit statute in the case of a voluntary nonsuit under Code § 8.01-229(E)(3), the nonsuit statute itself contemplates such a situation. Virginia Code Ann. § 8.01-380(A) states that "[a]fter a nonsuit, no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, *unless that court is without jurisdiction*, or not a proper venue, . . . ." (emphasis added). Thus, in Massey's case, following his nonsuit, the statute requires that his case be refiled in the Circuit Court for Montgomery County "unless that court is without jurisdiction." Id. The statute anticipates that some plaintiffs may suffer a nonsuit for lack of jurisdiction. The inclusion of this phrase in the statute shows that Virginia plaintiffs are not excluded from the benefits of the nonsuit statute just because the court in which they originally filed may have lacked jurisdiction. Indeed, the Supreme Court of Virginia has reversed a trial court when it refused to grant a plaintiff's motion for nonsuit after the defendant had filed a plea for sovereign immunity. *See Gordon v. Kiser*, 296 Va. 418, 423, 821 S.E.2d 531, 535 (2018).

Moreover, case law is clear that a trial court does not require jurisdiction to enter a nonsuit order. See *Waterman v. Halverson*, 261 Va. 203, 207-08, 540 S.E.2d

May 10, 2021) ("state laws do not serve to toll or delay the accrual date or statute of limitations of the FTCA claim.").

22

867, 869 (2001). The Supreme Court of Virginia has reversed a trial court order which "erroneously placed limitations on the plaintiff's right to the voluntary nonsuit when it ruled that defendant 'must . . . have been before a court with jurisdiction over the defendant's person, . . . .'" *McManama*, 250 Va. at 32-33, 458 S.E.2d at 762. "[Trial court jurisdiction] is [not] found in the [nonsuit] statutes, and a court should not add [that qualification] by judicial fiat." *Id.*

While Massey's case was never dismissed for lack of jurisdiction, at least one federal case indicates that full dismissals for want of jurisdiction can still be "saved" by the other tolling provisions of Code § 8.01-229. The United States District Court for the Eastern District of Virginia has rejected a defendant's assertion that the tolling provisions of § 8.01-229(E)(1) (when a case abates for any reason "or is dismissed without determining the merits") do not apply to dismissals for lack of jurisdiction, concluding that "[s]avings statutes permitting the reinstitution of suits disposed of on grounds not affecting the merits are applicable to suits dismissed because of lack of jurisdiction." *Rivers v. Woodfield*, No. 90-21-N, 1990 U.S. Dist. LEXIS 21069, at *19 (E.D. Va. May 1, 1990) (citing "majority rule" observed in Annotation, *Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, As Applicable in Cases Where Original Action Failed for Lack of Jurisdiction*, 6 A.L.R.3d 1043 (1966 and 1989 Supp.)). The Eastern District of Virginia went on to observe that "[t]he majority rule that

tolling statutes apply to dismissals for lack of jurisdiction as well as to other types of dismissals, has been applied to suits . . . which were dismissed from state court for lack of jurisdiction and refiled under the provisions of the applicable tolling statute in the proper federal court after the running of the statute of limitations. *Id*. at *21-22 (citing *Griffen v. Big Spring Indep. School Dist*., 706 F.2d 645 (5th Cir. 1983); *Long Island Trust Co. v. Dicker*, 659 F.2d 641 (5th Cir. 1981); *Shircliff v. Elliott*, 384 F.2d 947 (6th Cir. 1967)). If the Virginia tolling provisions can apply to save a case filed in Virginia state court which was *actually dismissed* for lack of jurisdiction, they can certainly apply in Massey's situation, where Massey voluntarily dismissed his case, prior to any determination of jurisdiction.

> iii.  *Because the Rehabilitation Act has a state statute of limitations, Virginia's nonsuit statute applies to toll the statute of limitations.*

Section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794, does not contain within the Act, a federal statute of limitations. *Wolsky v. Med. Coll. of Hampton Rds.*, 1 F.3d 222, 223 (4th Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1984)). Neither does the general federal statute of limitations in 28 U.S.C. §1658 apply. *Id*. Because the Virginia Rights of Persons with Disabilities Act, codified at Va. Code Ann. §§ 51.5-40 *et seq*, was patterned after the Rehabilitation Act, Virginia courts and federal courts sitting in

24

Virginia are bound to apply the one-year statute of limitations found in the Virginia Act, Virginia Code Ann. § 51.5-46(B), to Rehabilitation Act claims. *Id*. at 225.

When a state statute of limitations period applies a "court must also apply state principles of tolling that limitation period." *Shofer*, 970 F.2d at 1320. *See also Board of Regents v. Tomanio,* 446 U.S. 478, 485-88, 64 L. Ed. 2d 440, 100 S. Ct. 1790 (1980); *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 464, 44 L. Ed. 2d 295, 95 S. Ct. 1716 (1975)). This principle is most frequently illustrated in civil rights actions brought under 42 U.S.C. § 1983, a federal statute with a state statute of limitations. Plaintiffs bringing such claims, have consistently gained the benefit of state tolling provisions. *Wilson v. Garcia*, 471 U.S. 261, 269 n.17; *Lake v. Arnold*, 232 F.3d 360, 368 (3rd Cir. 2000); *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999); *see Hardin v. Straub*, 490 U.S. 536, 543-44, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989). This Court has held that Va. Code 8.01-229(E) applies to a plaintiff's 1983 suit because that statute does not contain a federal limitations period. *See Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985).

Like §1983, the Rehabilitation Act is also a federal civil rights statute, which uses a state statute of limitations. *J.S. v. Isle of Wight Cty. Sch. Bd.*, 402 F.3d 468, 474 (4th Cir. 2005). As such, state tolling provisions, including, in Virginia, the nonsuit statutes, must be employed when evaluating the timeliness of claims under the Rehabilitation Act. *Birch v. Peters,* 25 Fed. Appx. 122, 2001 U.S. App. LEXIS

27218 (4th Cir. 2001) (federal courts must use state tolling provisions whenever a federal cause of action is governed by state statutes of limitations). While the Fourth Circuit has not had opportunity to apply the Virginia nonsuit statute to Rehabilitation Act claims, a federal court in Texas has very recently held that Texas' savings statutes apply in Rehabilitation Act claims to extend a plaintiff's federal filing deadline after a state court dismissal for lack of jurisdiction when a state defendant pleads sovereign immunity.

In *Bullock v. Univ. of Tex. at Arlington*, No. 4:21-cv-0864-P, 2021 U.S. Dist. LEXIS 236607, at *2 (N.D. Tex. Dec. 10, 2021), a college student sued a branch of the state university system under the Title IX, the ADA, and the Rehabilitation Act in state court. On the university's motion appealing to sovereign immunity, the state court dismissed the case for lack of subject matter jurisdiction, and the student refiled her claims in the United States District Court for the Northern District of Texas. *Id.*

In the federal case, the university restated its sovereign immunity defense[2] and pled the statute of limitations. *Id.* at *3. The student appealed to Texas statutory savings law which allows a plaintiff a grace-period of sixty days after a dismissal for lack of jurisdiction becomes final to file her action in a court with jurisdiction. See TEX. CIV. PRAC. & REM. CODE § 16.064(a). *Id.* at *13. The federal district

---

[2] The Northern District of Texas noted that as a recipient of Federal financial assistance, the university's sovereign immunity was waived under 42 U.S.C. § 2000d-7. *Id.* at *11-12.

court found that "[b]ecause . . . the Rehabilitation Act [has no] specific federal limitations period[], Texas's savings clause will apply." *Id*. Accordingly, the court refused to hear the university's arguments as to why equitable tolling does not apply "because there is an on-point statutory tolling provision." *Id*.

The *Bullock* decision is consistent with the decisions of other federal courts applying state savings provisions to claims brought in federal court under federal statutes which use state limitations periods. *See, e.g., Bohler v. City of Fairview*, No. 3:17-cv-1373, 2018 U.S. Dist. LEXIS 188978, at *10-13 (M.D. Tenn. Nov. 5, 2018) (applying Tennessee savings statute to find plaintiff's federal filing of his §1983 claims timely, after those claims were dismissed in the state court for lack of jurisdiction).

It is undisputed that an applicable state statute of limitations is substantive law and must therefore followed by a federal court applying state substantive law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S. Ct. 1464, 89 L. Ed. 2079 (1945). Adherence to state statutes of limitations includes adherence to state tolling provisions. *Board of Regents*, 446 U.S. at 485-87. Finally, the Fourth Circuit has noted that Virginia nonsuit statute is an "integral part of the policies served by any Virginia statute of limitations which, but for the saving provision, would stand as a bar to a previously nonsuited action." *Yarber v. Allstate Ins. Co.*, 674 F.2d 232, 237 (4th Cir. 1982). Thus, because a court hearing claims under the Rehabilitation Act

27

in Virginia must apply a state statute of limitations, Virginia's nonsuit statute must also be given full effect.

## VII.    CONCLUSION

According to the United States Supreme Court in *Yellow Freight Systems*, Virginia state court is a proper forum to adjudicate Rehabilitation Act claims. Massey timely filed his case in the Circuit Court for Montgomery County and took a nonsuit as he is permitted under Virginia Code § 8.01-380.    Because the Rehabilitation Act makes use of a state statute of limitations, the Virginia's tolling provisions, including the tolling provisions of the nonsuit statute apply to Rehabilitation Act claims filed in any court situated in Virginia. Thus, Massey's state court filing tolled the statute of limitations and his federal case must be deemed timely filed. It is of no moment that Virginia Tech may have been able to assert successfully a bar of sovereign immunity because (1) the nonsuit statute itself assumes voluntary dismissal of lawsuits where jurisdiction is in question; (2) a court need not have jurisdiction over the defendant to issue an order granting a nonsuit; and (3) cases which are actually dismissed for lack of jurisdiction may still benefit from the tolling provisions of Virginia Code § 8.01-229.    The cases relied upon by the District Court do not apply to this case.

Massey respectfully urges the Court to reverse the District Court's grant of Virginia Tech's Motion to Dismiss, finding that Massey's timely state court filing

tolled the statute of limitations under Va. Code § 8.01-380 and § 8.01-229(E)(3), and

remand the case with instructions to permit Massey file an Amended Complaint to

address Virginia Tech's plea of sovereign immunity.

Respectfully Submitted,

JOHN MASSEY

*/s/ Thomas E. Strelka*
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com

*Counsel for Appellant*