No. 22-1320

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

JOHN DAVIS MASSEY, JR.,

*Plaintiff – Appellant,*

v.

VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY,

*Defendant – Appellee.*

————————————

On Appeal from the United States District Court
for the Western District of Virginia, Case No. 7:21-cv-00062-EKD
The Hon. Elizabeth K. Dillon, District Judge

————————————

**RESPONSE BRIEF OF APPELLEE**

————————————

JASON S. MIYARES
 *Attorney General*

CHARLES H. SLEMP, III
 *Chief Deputy Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-5315 – Telephone
(804) 371-0200 – Facsimile

July 22, 2022

ANDREW N. FERGUSON
 *Solicitor General*

ERIKA L. MALEY
 *Principal Deputy Solicitor General*

LUCAS W.E. CROSLOW
 *Deputy Solicitor General*

ANNIE CHIANG
 *Assistant Solicitor General*

*Counsel for Virginia Polytechnic
Institute & State University*

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................................................................ii

INTRODUCTION ..........................................................................1

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUES......................................................2

STATEMENT OF THE CASE .........................................................2

STANDARD OF REVIEW................................................................6

SUMMARY OF ARGUMENT ..........................................................6

ARGUMENT ..................................................................................7

    I.    Virginia courts plainly lacked subject matter jurisdiction over Massey's claim because of sovereign immunity ............................7

    II.   Massey's claim was untimely because the state-court nonsuit order did not toll the statute of limitations.................................13

        A.   Massey's nonsuit in Virginia court did not toll the statute of limitations because the court lacked subject matter jurisdiction over the case .....................................................13

        B.   Massey's various arguments that the tolling provision applies are all unavailing ......................................................19

CONCLUSION ...............................................................................29

CERTIFICATE OF COMPLIANCE.................................................30

CERTIFICATE OF SERVICE.........................................................31

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Afzall ex rel. Afzall v. Commonwealth,*
  639 S.E.2d 279 (Va. 2007).....................................................................9

*Alden v. Maine,*
  527 U.S. 706 (1990)..............................................................................8

*Ballenger v. Owens,*
  352 F.3d 842 (4th Cir. 2003)................................................................8

*Bank of N.Y. Mellon v. Dowgiert,*
  145 A.3d 138 (N.H. 2016)..................................................................27

*Benjamin v. Sparks,*
  986 F.3d 332 (4th Cir. 2021)...............................................................6

*Bohler v. City of Fairview,*
  No. 3:17-cv-1373, 2018 U.S. Dist. LEXIS 188978 (M.D.
  Tenn. Nov. 5, 2018)...........................................................................27

*Branch v. Augusta Health Care, Inc.,*
  92 Va. Cir. 126 (Cir. Ct. Augusta Cnty. Aug. 21, 2015).........17, 18, 19

*Brooks v. S.C. Dep't of Corr.,*
  2020 WL 4768966 (D.S.C. Apr. 13, 2020).........................................13

*Bullock v. University of Tex. at Arlington,*
  No. 4:21-cv-0864, 2021 U.S. Dist. LEXIS 236607 (N.D.
  Tex. Dec. 10, 2021).............................................................................27

*Cash v. Granville Cnty. Bd. of Educ.,*
  242 F.3d 219 (4th Cir. 2001)................................................................8

*Chilcott Entertainment L.L.C. v. John G. Kinnard Co.,*
  10 P.3d 723 (Colo. App. 2000)...........................................................28

*Coleman v. Court of Appeals of Md.*,
566 U.S. 30 (2021) .................................................................. 5

*Commonwealth v. Luzik*,
524 S.E.2d 871 (Va. 2000) ............................................... 8, 9

*Constantine v. Rectors & Visitors of George Mason Univ.*,
411 F.3d 474 (4th Cir. 2005) ................................................ 8

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
142 S. Ct. 1562 (2022) ....................................................... 11

*De Simone v. VSL Pharma., Inc.*,
36 F.4th 518 (4th Cir. 2022) ......................................... 6, 10

*Dean v. Pilgrim's Price Corp.*,
395 F.3d 471 (4th Cir. 2005) ................................................ 6

*Farrell v. Automobile Club of Mich.*,
870 F.2d 1129 (6th Cir. 1989) ........................................... 28

*FDIC v. Cashion*,
720 F.3d 169 (4th Cir. 2013) .............................................. 10

*Goodman v. Praxair, Inc.*,
494 F.3d 458 (4th Cir. 2007) ................................................ 6

*Hilton v. Wright*,
673 F.3d 120 (2d Cir. 2012) ............................................... 12

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites
de Guinee*,
456 U.S. 694 (1982) ............................................................ 23

*Jackson v. Astrue*,
506 F.3d 1349 (11th Cir. 2007) ......................................... 28

*JL Beverage Co. v. Jim Beam Brands Co.*,
828 F.3d 1098 (9th Cir. 2016) ........................................... 11

*McManama v. Puck*,
458 S.E.2d 759 (Va. 1995) ....................................... *passim*

*Morrison v. Bestler*,
387 S.E.2d 753 (Va. 1990)............................................................ 18, 24

*P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*,
506 U.S. 139 (1993) ............................................................................ 8

*Rivers v. Woodfield*,
No. 90-21-N, 1990 U.S. Dist. LEXIS 21069 (E.D. Va. May
1, 1990) ................................................................................ 24, 25, 26

*Schlossberg v. Barney*,
380 F.3d 174 (4th Cir. 2004) ............................................................ 6

*Schmidt v. Household Fin. Corp., II*,
661 S.E.2d 834 (Va. 2008) .............................................................. 10

*Scoggins v. Douglas*,
760 F.2d 535 (4th Cir. 1985) .......................................................... 16

*Sherby v. Weather Bros. Transfer Co.*,
421 F.2d 1243 (4th Cir. 1970) ........................................................ 26

*Shofer v. Hack Co.*,
970 F.2d 1316 (4th Cir. 1992) ....................................... 13, 14, 15, 19

*Simon v. Forer*,
578 S.E.2d 792 (Va. 2003) .............................................................. 26

*Singh v. Mooney*,
261 Va. 48 (Va. 2001) ...................................................................... 18

*Suarez Corp. Indus. v. McGraw*,
125 F.3d 222 (4th Cir. 1997) .......................................................... 10

*Toghill v. Clarke*,
877 F.3d 547 (4th Cir. 2017) .......................................................... 26

*Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*,
784 S.E.2d 280 (Va. 2016) .............................................................. 22

*In re Under Seal*,
749 F.3d 276 (4th Cir. 2014) .......................................................... 25

iv

*United States v. Green*,
996 F.3d 176 (4th Cir. 2021) ................................................................. 13

*United States v. Williams*,
504 U.S. 36 (1992) ............................................................................... 12

*Valenzuela v. Kraft, Inc.*,
801 F.2d 1170 (9th Cir. 1986) ............................................................. 28

*Waterman v. Halverson*,
540 S.E.2d 867 (Va. 2001) ........................................................ 22, 23, 24

*Woodson v. Allstate Ins. Co.*,
855 F.3d 628 (4th Cir. 2017) ........................................................ 14, 15

*Yarber v. Allstate Ins.*,
674 F.2d 232 (4th Cir. 1982) ........................................................ 20, 21

*Young v. S.E.C.*,
956 F.3d 650 (D.C. Cir. 2020) ............................................................. 28

*Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*,
No. 7:18CV00189, 2018 WL 5018487 (W.D. Va. Oct. 16,
2018) ...................................................................................................... 8

*Zito v. North Carolina Coastal Res. Comm'n*,
8 F. 4th 281 (4th Cir. 2021) ............................................................... 10

## Statutes

28 U.S.C. § 1291 ...................................................................................... 2

28 U.S.C. § 1331 ...................................................................................... 1

29 U.S.C. § 794 ........................................................................................ 3

29 U.S.C. § 2601 ...................................................................................... 3

Va. Code Ann. § 8.01-229 ............................................................. *passim*

Va. Code Ann. § 8.01-380 ....................................... 16, 20, 21, 22, 23

Va. Code Ann. § 23.1-2600 (2016) ......................................................... 8

## Other Authorities

Notice of Nonsuit, *Massey v. Va. Polytechnic Inst. & State Univ.*, No. CL20001701-00 (Montgomery Cir. Ct. Jan. 13, 2021)......................................................................................3

## INTRODUCTION

The district court correctly dismissed plaintiff John Davis Massey, Jr.'s claim as untimely. A one-year statute of limitations applies to Massey's Rehabilitation Act claim; Massey did not file this suit until eighteen months after his claim accrued. His suit is therefore time-barred.

Massey contends that his claim is timely under Virginia's tolling statute, which he argues applies to the Rehabilitation Act claim. But Massey's argument fails equally under either federal or Virginia tolling principles. As the district court held, Massey's voluntary dismissal of his initial suit in Virginia state court did not toll the statute of limitations. The state court was clearly an improper forum. It lacked subject matter jurisdiction over the suit due to Virginia's sovereign immunity. Therefore, the dismissal of that suit under Virginia's "nonsuit" statute did not trigger tolling, and Massey's claim is untimely. This Court should accordingly affirm.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Massey's Rehabilitation Act claim pursuant to 28 U.S.C. § 1331. The district court dismissed Massey's suit in a final order on March 21, 2022. JA283. Massey timely filed a

notice of appeal on March 23, 2022. JA284. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court correctly held that Massey's Rehabilitation Act claim is untimely because it was filed outside the one-year statute of limitations and tolling does not apply.

## STATEMENT OF THE CASE

Massey began working for the Virginia Polytechnic Institute & State University (Virginia Tech) in September 2009, eventually working as the Director of Professional Development in the Human Resources Department. JA7–8. On July 29, 2019, Massey's supervisor Martin Daniels notified Massey that "[f]unding for [Massey's] position w[ould] cease on October 31, 2019 and [his] position w[ould] be eliminated." JA20. Daniels explained that department leadership made this decision based on "financial hardship," in light of the "need[] . . . to support a new delivery of professional and organizational development programs to the campus." JA10, JA20. Massey was terminated effective October 31, 2019, the day funding for his position ran out. JA20. When Massey's employment

ended, he received severance benefits consistent with University policy. JA20.

On July 27, 2020, slightly less than one year after he was informed that his position was being eliminated, Massey sued Virginia Tech in Virginia's Montgomery County Circuit Court. JA246. The suit claimed that the reorganization was pretextual, and Massey was actually fired because he had taken 10 days of paid leave in April 2019 to recover from hernia surgery. JA8–9. Massey alleged that the elimination of his position violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601. JA8–9.

Virginia Tech filed a Demurrer and Plea in Bar of Sovereign Immunity, arguing that the state court lacked jurisdiction over Massey's claims because they were barred by sovereign immunity. Massey then moved voluntarily to dismiss the claims under Virginia's "nonsuit" statute, and the state court granted the motion without prejudice on January 13, 2021. Notice of Nonsuit, *Massey v. Va. Polytechnic Inst. & State Univ.*, No. CL20001701-00 (Montgomery Cir. Ct. Jan. 13, 2021); see also Massey Br. 3–4.

3

On January 29, 2021, Massey refiled his complaint in the federal District Court for the Western District of Virginia. He again alleged that Virginia Tech violated the Rehabilitation Act and FMLA by eliminating his position, and sought compensatory, punitive, and liquidated damages, interest, costs, and attorneys' fees. JA6–19.

Virginia Tech moved to dismiss Massey's federal complaint on the grounds that sovereign immunity barred the FMLA claim, JA239–40, and the Rehabilitation Act claim was untimely, JA233–35, 242. Massey argued that his claims were timely because his state-court action tolled the limitations period, allowing him to refile in federal court within six months of the nonsuit order. JA247–48 (citing Va. Code Ann. § 8.01-229(E)(3)).

The district court held that, because the Rehabilitation Act does not specify the statute of limitations, the applicable statute of limitations for Rehabilitation Act claims "brought in federal court in Virginia is the same as the one-year statute of limitations set forth in the Virginians with Disabilities Act." JA280 (citing *Wolsky v. Med. Coll. of Hampton Roads*, 1 F.3d 222, 225 (4th Cir. 1993)). The court further held that "Massey's claim accrued, at the latest, on October 31, 2019, when his

employment was terminated." JA280.[1] Because Massey did not file suit until well over a year later, on January 29, 2021, the court held that "Massey's Rehabilitation Act claims are time-barred." JA280. The court rejected Massey's arguments that his claim was timely under Virginia's tolling provision, Va. Code Ann. § 8.01-229(E)(3). "The tolling provision does not apply," the court explained, "because state courts do not have jurisdiction over Rehabilitation Act claims" given Virginia's retention of sovereign immunity against such claims in its own courts. JA281. "The commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." JA280–81 (quoting *Woodson v. Allstate Ins. Co.*, 855 F.3d 628, 634 (4th Cir. 2017)). The district court therefore dismissed Massey's Rehabilitation Act claim as time-barred. JA280. The district court also dismissed Massey's FMLA claim, holding that the claim was plainly "barred by sovereign immunity" under the Supreme Court's decision in *Coleman v. Court of Appeals of Md.*, 566 U.S. 30 (2021). JA278–79.

---

[1] Virginia Tech argued below that Massey's claim accrued in July 2019, when Massey was informed that his position was being eliminated. JA241. The district court did not resolve whether the claim accrued in July or October 2019, holding that the claim was untimely under either date. JA 280.

Massey now appeals the dismissal of his Rehabilitation Act claim. JA285.[2]

## STANDARD OF REVIEW

The district court dismissed Massey's Rehabilitation Act claim as untimely under Federal Rule of Civil Procedure 12(b)(6). JA280; see *Dean v. Pilgrim's Price Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (claims can be dismissed as untimely under Rule 12(b)(6), when the untimeliness appears on the face of the complaint); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). This Court reviews the granting of a motion to dismiss under Rule 12(b)(6) de novo. *Benjamin v. Sparks*, 986 F.3d 332, 351 (4th Cir. 2021). This Court reviews rulings that issues have been waived for abuse of discretion. *De Simone v. VSL Pharma., Inc.*, 36 F.4th 518, 531 (4th Cir. 2022).

## SUMMARY OF ARGUMENT

The district court properly dismissed Massey's Rehabilitation Act claim as untimely. The Virginia state court in which Massey first filed his Rehabilitation Act claim plainly lacked subject matter jurisdiction

---

[2] Massey does not appeal the dismissal of his FMLA claim, and has therefore abandoned the claim. See Massey Br. 8–28; *Schlossberg v. Barney*, 380 F.3d 174, 182 n.6 (4th Cir. 2004).

over that claim because Virginia has not abrogated or waived its sovereign immunity for such claims in its own courts. Massey's filing in Virginia state court therefore did not toll his claim, and his federal complaint was untimely filed. Massey also waived his "concurrent jurisdiction" argument by failing to raise it timely in the district court. This Court should therefore affirm.

## ARGUMENT

## I.   Virginia courts plainly lacked subject matter jurisdiction over Massey's claim because of sovereign immunity

It is undisputed that Massey commenced this federal suit more than a year after his claims accrued. JA280. And Massey concedes that his claims are governed by a one-year statute of limitations. See, *e.g.*, JA254; Massey Br. 24–25. It is thus apparent that, absent tolling, this suit is untimely. The district court correctly held that the Virginia court's nonsuit dismissal of Massey's initial case did not toll the statute of limitations because the Virginia court in which he originally filed lacked subject matter jurisdiction over the case.

First, the Virginia court where Massey filed his initial suit lacked subject matter jurisdiction over Massey's claim. Sovereign immunity bars Rehabilitation Act claims against the Commonwealth in Virginia courts.

7

"Under the Eleventh Amendment, 'a State cannot be sued directly in its own name regardless of the relief sought,' absent consent or permissible congressional abrogation." *Ballenger v. Owens*, 352 F.3d 842, 844 (4th Cir. 2003). "Virginia Tech is designated by statute as a corporation under the control of the General Assembly, Va. Code Ann. § 23.1-2600 (2016), and as such its status is the same as any other state agency." *Yunsong Zhao v. Virginia Polytechnic Inst. & State Univ.*, No. 7:18CV00189, 2018 WL 5018487, at *3 (W.D. Va. Oct. 16, 2018). It is therefore an arm of the state that enjoys the same sovereign immunity as the Commonwealth itself. *P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–45 (1993); *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001).

This Court has held that Virginia has waived its Eleventh Amendment immunity against Rehabilitation Act claims filed in *federal* court by accepting federal funds, *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481, 490–91, 494, 496 (4th Cir. 2005), but that waiver does not apply in Virginia's own courts, see *Alden v. Maine*, 527 U.S. 706, 712, 730–31 (1990) (Congress cannot subject state to suit in state court without state's consent); *Commonwealth v. Luzik*, 524

S.E.2d 871, 876 (Va. 2000). Virginia retains its sovereign immunity in Virginia courts unless the Virginia General Assembly "act[s] in its policy-making capacity [to] abrogate the Commonwealth's sovereign immunity." *Luzik*, 524 S.E. 2d at 876–77. The General Assembly has never abrogated Virginia's sovereign immunity for Rehabilitation Act claims in Virginia courts, and Massey does not argue otherwise. See Massey Br. 11–14, 21–24.

Because Virginia has sovereign immunity against Rehabilitation Act claims brought in Virginia courts, the Virginia courts lack subject matter jurisdiction over such claims. See *Afzall ex rel. Afzall v. Commonwealth*, 639 S.E.2d 279, 281 (Va. 2007) ("If sovereign immunity applies, the court is without subject matter jurisdiction to adjudicate the claim."); see also *Luzik*, 524 S.E. 2d at 876–77 (same). The district court therefore correctly held that the "state court[] d[id] not have jurisdiction over [Massey's] Rehabilitation Act claims." JA281.[3]

---

[3] The relevant question is the jurisdictional status of sovereign immunity under Virginia law, because Massey contends that his suit is timely under the Virginia tolling statute. Massey Br. 24–28; see JA280. That federal courts have been less definitive in their treatment of sovereign immunity as a matter of subject matter jurisdiction is therefore irrelevant. Compare, *e.g.*, *Zito v. North Carolina Coastal Res. Comm'n*, 8 F. 4th 281,

Massey argues that the Virginia state court had subject-matter jurisdiction over his claim because Congress has conferred "concurrent jurisdiction" over Rehabilitation Act claims in state and federal courts. Massey Br. 11–18. But Massey waived that argument by failing to raise it until the oral argument below. JA281 n.2 (citing *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)). Massey argues that the district court's waiver ruling constituted an abuse of discretion because his concurrent jurisdiction argument was a response to the argument in Virginia Tech's reply brief that the state court lacked jurisdiction. Massey Br. 8; see *De Simone*, 36 F.4th at 531. But Virginia Tech's opening brief squarely raised the timeliness of Massey's suit, JA241–42, and Massey should have raised his concurrent jurisdiction argument in his opposition. *Cf. Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 841 (Va. 2008) (explaining that "to receive the benefit of equitable tolling, *a plaintiff* has to establish" various showings). The district court therefore did not abuse its discretion in holding the issue waived. *De Simone*, 36 F.4th at 531; *FDIC v. Cashion*, 720 F.3d 169, 175–76 (4th Cir. 2013).

---

284 (4th Cir. 2021), with *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997).

In any event, Massey's concurrent jurisdiction argument fails. Even if Massey is correct about the Rehabilitation Act—which does not expressly address jurisdiction or a private cause of action at all, see *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S. Ct. 1562, 1569 (2022)— his argument shows at most that Congress has not affirmatively ousted state courts of jurisdiction. Massey Br. 11 (quoting *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012)). But it does not show that the state courts in fact have jurisdiction to entertain a Rehabilitation Act claim. Virginia's courts do not have subject matter jurisdiction over Rehabilitation Act claims against the Commonwealth and its instrumentalities because sovereign immunity bars the claims. Massey cites no authority to the contrary.

Massey also argues that "Virginia Tech has certainly waived its argument that . . . it was protected by sovereign immunity with regard to the Rehabilitation Act claims." Massey Br. 11. But the issue of course is not waived because it formed part of the basis on which the district court dismissed Massey's complaint. JA280–81; *JL Beverage Co. v. Jim Beam Brands Co.*, 828 F.3d 1098, 1108 (9th Cir. 2016) (finding that although party "failed to raise [an issue] before the district court[,] . . . it is not

waived on appeal" "because the district court considered th[e] issue"); *Hilton v. Wright*, 673 F.3d 120, 128 (2d Cir. 2012) ("When the district court is briefed on an issue that can be understood as implicit in the larger challenge, the opposing party does not argue waiver, and the district court considers the issue, then that issue is not waived."). *Cf. United States v. Williams*, 504 U.S. 36, 41 (1992) (explaining that the Court may "review . . . an issue not pressed so long as it has been passed upon" below).

Regardless, Massey's argument misconstrues the issues in this case. Virginia Tech does not argue that sovereign immunity bars Massey's suit in *this* court. Rather, Virginia Tech contends that Massey's suit is time-barred because he filed it in a state court that lacked jurisdiction to decide it. Virginia Tech squarely raised this issue in its opening brief below. JA241–42. Virginia's sovereign immunity in state court is significant only because Massey argued *for the first time* in his opposition brief that Virginia's nonsuit statute tolled the statute of limitations, JA248. Virginia Tech's reply, therefore, responded that the nonsuit order did not toll the statute of limitations because the Virginia court lacked jurisdiction over the suit, JA254–58. The point was thus properly preserved as

part of Virginia Tech's contention that Massey's suit is untimely, and as a response to the tolling argument raised for the first time in his opposition. *United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021) (citing *Yee v. City of Escondido*, 503 U.S. 519, 534 (1992)); *Brooks v. S.C. Dep't of Corr.*, 2020 WL 4768966, at *10 (D.S.C. Apr. 13, 2020).[4]

The district court correctly held that the state court had no jurisdiction over Massey's initial suit because it was barred by sovereign immunity.

## II. Massey's claim was untimely because the state-court nonsuit order did not toll the statute of limitations

### A. Massey's nonsuit in Virginia court did not toll the statute of limitations because the court lacked subject matter jurisdiction over the case

This Court has consistently held that "[t]he commencement of an action in a clearly inappropriate forum, a court that clearly lacks jurisdiction, will not toll the statute of limitations." *Shofer v. Hack Co.*, 970 F.2d 1316, 1319 (4th Cir. 1992). This rule makes good practical sense.

---

[4] Massey's contention that Virginia Tech waived the sovereign immunity argument is directly contrary to his contention that he properly preserved his concurrent jurisdiction argument. Indeed, Massey appears to argue for waiver only in the alternative. Massey Br. 11 ("*If* Massey has waived his right to make that argument because he did not put it in his Brief in Opposition, Virginia Tech has certainly waived its argument that the state court lacked jurisdiction . . . ." (emphasis added)).

Without this rule, plaintiffs could prolong their claims indefinitely by filing them in courts that lacked jurisdiction, waiting only until their state-court gambits had failed before finally filing in federal court. In *Shofer*, for example, the plaintiff argued that Maryland's tolling rules applied to his claim under the federal Employee Retirement Income Security Act (ERISA), which he initially filed in Maryland state court and later refiled in federal court, after the applicable state statute of limitations had expired. *Ibid.* This Court held that "[b]ecause the state court clearly lacked jurisdiction over the ERISA fiduciary duty claims," neither federal nor Maryland equitable tolling principles excused the lack of timeliness. *Ibid.*

Similarly, in *Woodson v. Allstate*, the plaintiffs brought claims in North Carolina state court under the federal National Flood Insurance Act (NFIA), within the one-year statute of limitations applicable to the claims. 855 F.3d at 630. That Act requires, however, that the plaintiff "fil[e] a lawsuit *in U.S. District Court* within one year of the insurer's denial of coverage." *Id.* at 633 (emphasis added). That requirement was only satisfied by the defendant's removal of the case to federal court, more than one year after the denial of coverage. *Ibid.* This Court held that the plaintiffs' "argument that their filing in North Carolina state court, one

14

that because of the NFIA clearly lacked jurisdiction, should equitably toll the federal one-year statute of limitations must be rejected. . . . [B]ecause the state court lacked jurisdiction, the fact that the action was subsequently removed to federal court, rather than dismissed has no impact on the running of the statute of limitations." *Id.* at 634.

As the district court held, Massey's suit is untimely under *Shofer* and *Woodson*. See JA281. The Montgomery County Circuit Court was a "clearly inappropriate forum" because sovereign immunity deprived it of subject matter jurisdiction over Massey's claims. JA281. Therefore, Massey's filing and subsequent nonsuit in that court did not toll the statute of limitations. JA281.

Massey principally argues that Virginia tolling rules, rather than federal tolling principles, govern this case because the Rehabilitation Act does not specify the statute of limitations and therefore borrows Virginia's statute of limitations. Massey Br. 15–19. As in *Shofer*, however, it makes no difference whether state or federal tolling principles apply because neither provide for tolling where the initial forum clearly lacked subject matter jurisdiction.  970 F.2d at 1320.

Two Virginia statutes are relevant to tolling following nonsuit orders: the nonsuit statute, Va. Code Ann. § 8.01-380; and the tolling statute, Va. Code. Ann. § 8.01-229(E)(3). Virginia's nonsuit statute provides that a plaintiff may elect to dismiss voluntarily or "nonsuit" a case. Va. Code Ann. § 8.01-380. This statute is similar to Federal Rule of Civil Procedure 41(a), except that "under the Virginia nonsuit rule a plaintiff is free to take a nonsuit in his case without the agreement of the defendant." *Scoggins v. Douglas*, 760 F.2d 535, 538 (4th Cir. 1985). The nonsuit statute provides that:

> After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in a federal court.

Va. Code Ann. § 8.01-380(A). It further provides that "[a] voluntary nonsuit taken pursuant to this section is subject to the tolling provisions" of Va. Code. Ann. § 8.01-229(E)(3). *Id.* § 8.01-380(E).

The tolling statute, in turn, provides that, "if a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such [nonsuited] action shall be tolled by the

16

commencement of the nonsuited action." Va. Code Ann. § 8.01-229(E)(3).
Following the nonsuit, "the plaintiff may recommence his action within
six months from the date of the order entered by the court, or within the
original period of limitation, . . . whichever period is longer." *Ibid*. The
"tolling provision shall apply irrespective of [where] the action is origi-
nally filed . . . and recommenced." *Ibid.*

Massey argues that section 229(E)(3) applies here, and that his suit
is timely because it was filed within six months of the entry of the nonsuit
order in the Virginia court. Massey Br. 19–21. But where the initial court
lacks subject matter jurisdiction, tolling does not apply. Under Virginia
law, if the trial court lacks "subject matter jurisdiction" over the claims,
it cannot "properly enter an order granting plaintiff a voluntary nonsuit."
*McManama v. Puck*, 458 S.E.2d 759, 762 (Va. 1995). Rather, where "the
Court had no jurisdiction to enter the [nonsuit] Order . . . the lack of ju-
risdiction to enter the Order 'renders it a complete nullity.'" *Branch v.
Augusta Health Care, Inc.*, 92 Va. Cir. 126, 139 (Cir. Ct. Augusta Cnty.
Aug. 21, 2015) (cleaned up) (quoting *Singh v. Mooney*, 261 Va. 48, 52 (Va.
2001)). Because a nonsuit order entered by a court without subject matter

jurisdiction is "*void ab initio*, it could no more toll the statute of limitations than it could effectively nonsuit the [initial] case." *Ibid*.

*Branch* follows directly from rulings of the Virginia Supreme Court, which has repeatedly linked the ability for a state court to issue valid nonsuit orders with its subject matter jurisdiction over the suit. *McManama*, 458 S.E.2d at 762 ("The trial court had subject matter jurisdiction over the first action enabling it to properly enter an order granting plaintiff a voluntary nonsuit," and "[t]herefore, the plaintiff's nonsuit for her first action was valid, the two-year statute of limitations was tolled, and the plaintiff properly recommenced her action within six months from the date of the nonsuit order . . . ." ); *Morrison v. Bestler*, 387 S.E.2d 753, 757–58 (Va. 1990) ("*Because* we have determined that the trial court had subject matter jurisdiction . . . , the order granting [the] voluntary nonsuit was a valid order [and the plaintiff] was entitled to the six month extension of time . . . ." (emphasis added)); *see Singh*, 261 Va. at 51–52 ("The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of a court to act on a matter whereas the latter involves actions taken by a court which are in error. An order is void *ab*

*initio* if entered by a court in the absence of jurisdiction of the subject matter" and "the lack of jurisdiction to enter an order . . . renders the order a complete nullity.").

Because the Montgomery County Circuit Court lacked subject-matter jurisdiction over Massey's suit, the nonsuit of Massey's case in that court did not toll the statute of limitations under either federal or Virginia tolling principles. *Shofer*, 970 F.2d at 1319; *Branch*, 2015 WL 13567758, at *10.

### B. Massey's various arguments that the tolling provision applies are all unavailing

Massey raises an assortment of arguments to resist this conclusion, but none is correct. The authorities that he relies upon are inapposite, and he misinterprets Virginia's tolling and nonsuit statutes.

First, Massey asserts that there is only "*one* scenario in which a voluntary nonsuit in Virginia has no power [to] resuscitate a claim arising under federal law," Massey Br. 21–22 & n.1 (emphasis added), if the case involves a federal statute that specifies the limitations period. It is true that state-law tolling rules do not govern federal statutory limitations periods. But this truism does not move the needle in this case. When federal courts must borrow state-law tolling rules for federal claims

without an express statute of limitation, they do not apply them any more broadly than the state would in its own courts. *See Yarber v. Allstate Ins.*, 674 F.2d 232, 237 (4th Cir. 1982) ("To fail to apply [a] critical restriction" in Virginia's tolling statute "would be to fail to apply Virginia's limitation policies entire"). Here, the Virginia courts would not find that the nonsuit tolled the statute of limitations, because the initial court lacked subject matter jurisdiction. See 13–19, *supra*. Federal courts do not have power to depart from that rule.

Second, Massey argues the limitations period was tolled even if the state court lacked jurisdiction over his initial suit. Massey Br. 22. Massey contends that Va. Code Ann. § 8.01-380(A) allows plaintiffs to take a nonsuit where the court lacks jurisdiction, because it states that "[a]fter a nonsuit[,] no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction." The tolling statute applies in such circumstances, Massey argues, because it does not specifically state that tolling is unavailable if the initial court lacked jurisdiction. Massey Br. 21–24.

Massey misreads the statute. The provision that he highlights simply means what it says: it creates an exception to the rule that a nonsuit bars the plaintiff from filing a subsequent suit in a different court. Va. Code Ann. § 8.01-380(A). Absent an exception, Virginia's nonsuit statute requires plaintiffs to file any subsequent suit in the same court as the initial suit. The purpose of this requirement "is to minimize the risks of abuse" by "scotch[ing] any opportunity to engage in secondary forum shopping with benefit of a trial run in a court of first choice." *Yarber*, 674 F.2d at 237. Thus, "[t]he risk of wasted effort by the court of original venue choice is minimized, both by the *in terrorem* discouragement of nonsuits taken for forum shopping purposes, and, when nonsuit is taken, by the possibility that the earlier investment of judicial resources may be of value on retrial in the same court." *Ibid*. If the statute provided no exception where the initial court lacked jurisdiction, however, it would effectively convert the nonsuit into an absolute bar on the plaintiff pursuing the claim; the statute would prohibit the plaintiff from filing in any court other than the initial court, which could not hear the claim due to its lack of jurisdiction. See 21, *supra*.

The language Massey cites simply responds to this issue by allowing plaintiffs in these circumstances to file subsequent suits in a court with jurisdiction; it does *not* provide that plaintiffs who initially filed in courts that lack jurisdiction are entitled to tolling. Va. Code Ann. § 8.01-380(A); see *Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc.*, 784 S.E.2d 280, 284 (Va. 2016) ("The one canon of construction that precedes all others is that 'we presume that the legislature says what it means and means what it says.'" (cleaned up) (quoting *In re Woodley*, 777 S.E.2d 560, 565 (Va. 2015))). To the contrary, Virginia precedent makes clear that the tolling provision does not apply if the initial court lacked subject matter jurisdiction over the case. *Supra* 13–19.

Third, Massey argues that *McManama*, 458 S.E.2d at 761, and *Waterman v. Halverson*, 540 S.E.2d 867, 869 (Va. 2001), hold that Virginia courts need not have jurisdiction to enter a valid nonsuit order. Massey Br. 22–23. But neither case holds that the initial court need not have *subject matter* jurisdiction to enter a valid nonsuit order. They instead rejected courts' attempts to engraft a *personal* jurisdiction or service-of-process requirement on the nonsuit statute. See *McManama*, 458 S.E.2d at 762 ("[T]he trial court erroneously placed limitations on the plaintiff's

22

right to the voluntary nonsuit when it ruled that [the] defendant . . . 'must have been before a court with jurisdiction *over the defendant's person*'" (emphasis added)); *Waterman*, 540 S.E.2d at 869 (rejecting defendants' "argu[ment] that the court did not have jurisdiction to enter the nonsuit order *because there was no 'active' or 'personal'* jurisdiction over the defendants in the original proceeding" and concluding that "*McManama* stands for the proposition that a plaintiff can secure a valid voluntary nonsuit pursuant to Code § 8.01-380 *even though there has been no service of process on the defendants*" (emphasis added) (citing *McManama*, 458 S.E.2d at 761)).

Virginia courts do not treat "personal jurisdiction" or "jurisdiction over the defendant's person" as equivalent, for these purposes, to subject matter jurisdiction. See 22–23, *supra*; see also, *e.g.*, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702–05 (1982) (discussing at length the differences between subject matter and personal jurisdiction). To the contrary, Virginia precedent holds that "there is a significant difference between subject matter jurisdiction and the other 'jurisdictional' elements [because] [s]ubject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the

parties." *Morrison*, 387 S.E.2d at 755. For this reason, by contrast to personal jurisdiction, Virginia courts must have subject matter jurisdiction before entering a nonsuit order. *Supra* 17–19 (quoting *McManama*, 458 S.E.2d at 762; *Morrison*, 387 S.E.2d at 758). Massey cannot "mischaracterize [the] other serious procedural errors" in *McManama* and *Waterman* "as defects in subject matter jurisdiction" in order to claim tolling. *Morrison*, 387 S.E.2d at 756.

Next, Massey's reliance on an unpublished, thirty-two-year-old federal district court decision, *Rivers v. Woodfield*, No. 90-21-N, 1990 U.S. Dist. LEXIS 21069 (E.D. Va. May 1, 1990), is also unavailing. Massey Br. 23–24. *Rivers* is inapposite because it involved a different tolling provision, Va. Code Ann. § 8.01-229(E)(1), rather than section 229(E)(3). Section 229(E)(1) expressly does not apply to tolling following nonsuits, covered in section 229(E)(3). It states that "[e]xcept as provided in subdivision 3, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought." Va. Code Ann. § 8.01-229(E)(1). *Rivers* held that the broad "for any cause" language in section

229(E)(1) encompassed "dismissals for lack of jurisdiction," 1990 U.S. Dist. LEXIS 21069, at *12, but that language does not appear in section 229(E)(3).

Further, *Rivers* concluded that "it was plaintiff's act of filing her suit in the Norfolk Circuit Court that implicated the tolling provision of § 8.01-229(E)(1), not an act of the Norfolk Circuit Court," making the jurisdiction of that court unnecessary to tolling. *Id.* at *22. But the tolling rule that Massey invokes under section 229(E)(3) is triggered by "the date of the order entered by the court." Va. Code Ann. § 8.01-229(E)(3). Thus, *Rivers*'s conclusion that tolling does not require jurisdiction because it does not turn on any action of the initial court is inapplicable to section 229(E)(3). Subject matter jurisdiction is necessary for a valid nonsuit order—as subsequent Virginia precedent makes clear. See 17–19, *supra*. *Rivers* therefore does not support Massey's argument for tolling here.[5]

---

[5] Massey raised no argument, in either this Court or the district court, that section 229(E)(1) tolled his statute of limitations, and has therefore forfeited any such claim. See JA248 (arguing only that "Va. Code § 8.01-229(E)(3) tolls the statute of limitations"); *In re Under Seal*, 749 F.3d 276, 289–91 (4th Cir. 2014). In any event, section 229(E)(1) expressly excludes nonsuit orders from its tolling rule. See Va. Code Ann. § 8.01-229(E)(1) (providing for tolling following dismissals "[e]xcept as provided in subdivision 3," which governs tolling following nonsuits);

In addition, at the time *Rivers* was decided, "the Virginia Supreme Court ha[d] not addressed" whether tolling was available under section 8.01-299(E) when the court lacked subject matter jurisdiction over the initial claim. 1990 U.S. Dist. LEXIS 21069, at *19. Subsequently, however, the Virginia Supreme Court decided *McManama*, which treated a nonsuit order as valid only because the court which entered the order had subject matter jurisdiction over the claim. 17–19, *supra*. To the extent that *Rivers* is to the contrary, this Court should follow *McManama* and other intervening Virginia authority. See *Toghill v. Clarke*, 877 F.3d 547, 557–59 (4th Cir. 2017) (explaining that that a federal court must use the state court's construction of a state law); *cf. Sherby v. Weather Bros. Transfer Co.*, 421 F.2d 1243, 1244–45 (4th Cir. 1970).

---

*Simon v. Forer*, 578 S.E.2d 792, 795 (Va. 2003) ("[T]he initial clause of subsection (E)(1) specifically precludes the applicability of that tolling provision to an action that is nonsuited [and i]n the event of a nonsuit, the provisions of subsection (E)(3) govern . . . ."). And section 229(E)(1) would not even render Massey's claim timely. It tolls the statute of limitations only for "the time such action is pending," allowing "another action [to] be brought within the remaining period." Va. Code Ann. § 8.01-229(E)(1). Here, Massey filed his initial action with only two days remaining in his one-year statute of limitations, and he filed his subsequent suit more than two days after the initial suit was dismissed. See 3–4, *supra*.

Last, Massey cites two out-of-circuit district court decisions that permitted tolling following a state court dismissal. Massey Br. 25–27 (citing *Bullock v. University of Tex. at Arlington*, No. 4:21-cv-0864, 2021 U.S. Dist. LEXIS 236607 (N.D. Tex. Dec. 10, 2021); *Bohler v. City of Fairview*, No. 3:17-cv-1373, 2018 U.S. Dist. LEXIS 188978 (M.D. Tenn. Nov. 5, 2018)). But neither case involved Virginia law, and *Bohler* did not even involve dismissal for lack of subject matter jurisdiction. See *Bullock*, 2021 U.S. Dist. LEXIS 236607, at *13 (explaining that "an on-point statutory tolling provision" applies, given "Texas law allows a plaintiff a grace-period of sixty days after a dismissal for lack of jurisdiction becomes final to file her action in a court with jurisdiction"); *Bohler*, 2018 U.S. Dist. LEXIS 188978, at *10–13 (addressing whether the Tennessee savings statute tolls the statute of limitations for a plaintiff's 42 U.S.C. § 1983 claim, where the state court had jurisdiction over the initial suit).

Ample caselaw from other jurisdictions follows the same tolling rule as Virginia—and federal—law: an initial filing in a court that plainly lacks subject matter jurisdiction over the suit does not trigger tolling. *E.g.*, *Bank of N.Y. Mellon v. Dowgiert*, 145 A.3d 138, 143–44 (N.H. 2016) ("Generally, a limitations period does not toll until a party files his action

in a court of competent jurisdiction."); see also, *e.g.*, *Young v. S.E.C.*, 956 F.3d 650, 656 (D.C. Cir. 2020) (collecting cases) ("*Every* circuit that has considered the question . . . has held that filing an action in a state court or federal agency that clearly lacks jurisdiction over the action does not toll the time for filing in federal court." (emphasis added) (citing *Shofer*, 970 F.2d at 1319)); *Jackson v. Astrue*, 506 F.3d 1349, 1357 (11th Cir. 2007) (concluding that equitable tolling under the Social Security Act does not apply where the first-filed state court lacked jurisdiction); *Farrell v. Automobile Club of Mich.*, 870 F.2d 1129, 1134 (6th Cir. 1989); *cf. FDIC v. Nationwide Equities Corp.*, 304 So.3d 1240, 1243–44 (Fla. Dist. Ct. App. 2020) (explaining that equitable tolling for a plaintiff who "timely asserted his rights in the wrong forum" requires that he "ha[ve] been misled or lulled into inaction . . . in some *extraordinary* way"); *Chilcott Entertainment L.L.C. v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000) (same); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (1986) (permitting the statute of limitations to toll where it was *unclear* that the first-filed court lacked jurisdiction until after plaintiff filed suit). Massey's claims are untimely.

28

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's decision.

Respectfully submitted,

By: */s/ Lucas W.E. Croslow*
LUCAS W.E. CROSLOW
*Deputy Solicitor General*

JASON S. MIYARES
  *Attorney General*

CHARLES H. SLEMP, III
  *Chief Deputy Attorney General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-5315 – Telephone
(804) 371-0200 – Facsimile

July 22, 2022

Andrew N. Ferguson
  *Solicitor General*

ERIKA L. MALEY
  *Principal Deputy Solicitor General*

ANNIE CHIANG
  *Assistant Solicitor General*

*Counsel for Virginia Polytechnic Institute & State University*

29

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 29(a)(5) because it contains 5,916 words, excluding the parts of the brief exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century typeface.

*/s/ Lucas W.E. Croslow*
Lucas W.E. Croslow

# CERTIFICATE OF SERVICE

I certify that on July 22, 2022, the foregoing document was served

on all parties or their counsel of record through the CM/ECF system.

*/s/ Lucas W.E. Croslow*
_____
Lucas W.E. Croslow