CASE NO. 22-1320

IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

JOHN DAVIS MASSEY, JR.,

*Plaintiff - Appellant,*

v.

VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY,
Commonwealth of Virginia,

*Defendant - Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA AT ROANOKE

**REPLY BRIEF OF APPELLANT**

STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, SW, Suite 330
Roanoke, VA 24011
540-283-0802

Thomas E. Strelka
thomas@strelkalaw.com

L. Leigh R. Strelka
leigh@strelkalaw.com

N. Winston West, IV
winston@strelkalaw.com

Brittany M. Haddox
brittany@strelkalaw.com

*Counsel for Appellant*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..........................................................................iii

I.    ARGUMENT ......................................................................................1

    A.   State Courts have concurrent jurisdiction over Rehabilitation
        Act claims ....................................................................................1

        1.  Massey did not waive the concurrent jurisdiction argument ......1

        2.  Massey has definitively demonstrated that state courts
            have concurrent jurisdiction over Rehabilitation Act claims ..... 2

    B.   The relevant question before this Court is the application of
        the Virginia nonsuit statute in a case where a defendant
        contests jurisdiction by entering a plea of sovereign immunity.
        Any federal cases, or cases from other jurisdictions which deal
        with equitable tolling, rather than statutory tolling, are
        inapposite ..................................................................................... 3

    C.   Virginia precedent does not state that a defendant's plea of
        sovereign immunity divests a court of subject matter
        jurisdiction such that a nonsuit order entered by the court
        would be *void ab initio* ................................................................. 6

        1.  The nonsuit statute itself suggests a court which lacks
            jurisdiction may issue a nonsuit. Further, Virginia law is
            clear that a court must always grant a nonsuit anytime the
            statutory prerequisites are met .................................................. 7

        2.  Virginia Tech relies on an incorrect transitive analysis:
            That sovereign immunity divests a court of subject matter
            jurisdiction; that Virginia case law says that courts must
            have subject matter jurisdiction to grant a plaintiff's
            request for a voluntary nonsuit; and thus, that sovereign
            immunity divests a court of the authority to enter a nonsuit
            order .......................................................................................... 9

i

D. Virginia Tech's Response exposes their real argument in this case—that the state court granted Massey's Motion for a Nonsuit in error. Virginia Tech's Motion to Dismiss in the District Court appealing to the statute of limitations is essentially a collateral attack on a state court decision to grant a nonsuit............................................................................14

II.   CONCLUSION.........................................................................15

# TABLE OF AUTHORITIES

## Cases

*Afzall v. Commonwealth,*
  273 Va. 226, 639 S.E.2d 279 (2007) ........................................ 9-10, 12-13

*Bank of N.Y. Mellon v. Dowgiert,*
  145 A.3d 138 (N.H. 2016) ................................................... 3

*Branch v. Augusta Health Care, Inc.,*
  92 Va. Cir. 126 (Va. 2015) ............................................... 10, 12

*Bullock v. Univ. of Tex. at Arlington,*
  No. 4:21-cv-0864-P, 2021 U.S. Dist. LEXIS 236607
  (N.D. Tex. Dec. 10, 2021) ................................................ 5

*Chilcott Ent. LLC v. John G.Kinnard & Co. ,*
  10 P.3d 723 (Colo. App. 2000) ........................................... 3

*Commonwealth v. Luzik,*
  259 Va. 198, 524 S.E.2d 871 (2000) ...................................... 10

*Consortium Sys., LLC v. Lane Eng'g, Inc.,*
  95 Va. Cir. 73 (Va. 2017) ................................................ 13

*Culpeper Cnty. Dep't of Soc. Servs. v. Caison,*
  Nos. 0867-19-4, 0900-19-4, 0901-19-4, 0902-19-4,
  2020 Va. App. LEXIS 21 (Va. Ct. App. Jan. 28, 2020) ..................... 9

*Doud v. Commonwealth,*
  282 Va. 317, 717 S.E.2d 124 (2011) ...................................... 10

*Farrell v. Automobile Club of Mich.,*
  870 F.2d 1129 (6th Cir. 1989) ........................................... 3

*FDIC v. Nationwide Equities Corp.,*
  304 So. 3d 1240 (Fla. Dist. Ct. App. 2020) ............................. 3

*Ghameshlouy v. Commonwealth,*
  279 Va. 379, 689 S.E.2d 698 (2010) ..................................... 9

*Gray v. Va. Sec'y of Transp.,*
  74 Va. Cir. 30 (Va. 2007) ............................................... 10

*Hughes v. Doe,*
　　273 Va. 45, 639 S.E.2d 302 (2007) ........................................................ 13

*Jackson v. Astrue,*
　　506 F.3d 1349 (11th Cir. 2007) ................................................................. 3

*Marston v. Weaver,*
　　69 Va. Cir. 301 (Va. 2005) ...................................................................... 4

*McManama v. Plunk,*
　　250 Va. 27, 458 S.E.2d 759 (1995) ................................................... 6, 11

*Mims v. Arrow Fin. Servs., LLC,*
　　565 U.S. 368, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) .......................... 2

*Morgan v. Brophy,*
　　101 Va. Cir. 204 (Va. 2019) .................................................................. 10

*Morrison v. Bestler,*
　　239 Va. 166, 387 S.E.2d 753 (1990) ............................................ 9, 11, 12

*Neal v. Xerox Corp.,*
　　991 F. Supp. 494 (E.D. Va. 1998) ........................................................... 4

*Payne v. Buena Vista Extract Co.,*
　　124 Va. 296, 98 S.E. 34 (1919) ............................................................. 10

*Pridemore v. Hryniewich,*
　　94 Va. Cir. 564 (Va. 2016) .................................................................... 13

*Prizzia v. Prizzia,*
　　58 Va. App. 137, 707 S.E.2d 461 (2011) .................................................. 9

*Rivers v. Woodfield,*
　　No. 90-21-N, 1990 U.S. Dist. LEXIS 20169, (E.D. Va. May 1, 1990)........ 5

*Seabolt v. County of Albemarle,*
　　283 Va. 717, 724 S.E.2d 715 (2012) ..................................................... 10

*Shofer v. Hack Co.,*
　　970 F.2d 1316 (4th Cir. 1992) ......................................................... 3, 4-5

*Singh v. Mooney,*
　　261 Va. 48, 547 S.E.2d 549 (2001) ....................................................... 14

*Valenzuela v. Kraft, Inc.*,
   801 F.2d 1170 (9th Cir. 1986) ................................................... 3

*Wayman v. Perdue Agribusiness, LLC*,
   103 Va. Cir. 347 (Va. 2019) ..................................................... 4

*Wells v. Lorcom House Condominiums' Council*,
   237 Va. 247, 377 S.E.2d 381 (1989) ....................................... 15

*Whitt v. Commonwealth*,
   61 Va. App. 637, 739 S.E.2d 254 (2013) ................................. 9

*Witcher v. Clarke*,
   CASE No. 7:16CV00335, 2017 U.S. Dist. LEXIS 76262
   (W.D. Va. May 18, 2017) ........................................................ 15

*Woodson v. Allstate Ins. Co.*,
   855 F.3d 628 (4th Cir. 2017) ................................................... 3

*Young v. SEC*,
   446 U.S. App. D.C. 339, 956 F.3d 650 (D.C. Cir. 2020) ......................... 3

## Other Authorities

1-VIII *Benedict on Admiralty* § 130 (2016) ................................................ 13

Caleb Nelson, *Sovereign Immunity As a Doctrine of Personal Jurisdiction*,
   115 Harv. L. Rev. 1559 (2002) .............................................. 13

Va. Code § 8.01-229(E)(1) ............................................................ 5

Va. Code § 8.01-229(E)(3) ......................................................... 5, 8

Va. Code § 8.01-380(A) ............................................................ 7, 8

Va. Code § 8.01-670(A)(3) .......................................................... 15

# I.   ARGUMENT

## A.   State Courts have concurrent jurisdiction over Rehabilitation Act claims.

### 1.   Massey did not waive the concurrent jurisdiction argument.

Virginia Tech asserts in its Response Brief that its "opening brief [in support of its Motion to Dismiss in the District Court] squarely raised the timeliness of Massey's suit, and Massey should have raised his concurrent jurisdiction argument in his opposition [to Virginia Tech's Motion to Dismiss]." ECF 18, p. 10.  Virginia Tech's Motion to Dismiss as to the Rehabilitation Act claim was a short eight-sentence argument that Counts II and III of Massey's Complaint were "time-barred because Plaintiff failed to file this case within the one-year statute of limitations." JA 241-42. Virginia Tech did not use the word, "jurisdiction," and never mentioned the state court or the nonsuit. It did not challenge the jurisdiction of the state court at all as to the Rehabilitation Act claims.  Moreover, the only argument Virginia Tech made for sovereign immunity was specifically tied to Massey's FMLA claim: "States[] [have] immunity for violations of the self-care provision of the FMLA." JA 241. Massey could not know that Virginia Tech contested the legitimacy of the nonsuit based upon the alleged lack of jurisdiction of the state court over Rehabilitation Act claims until Virginia Tech argued as much in its Reply Memorandum in Support of

its Motion to Dismiss.  Thus, Massey's appeal to the state court's

concurrent jurisdiction over Rehabilitation Act claims is not waived.

### 2. Massey has definitively demonstrated that state courts have concurrent jurisdiction over Rehabilitation Act claims.

Virginia Tech concedes that Massey's concurrent jurisdiction

"argument shows at most that *Congress has not affirmatively ousted state*

*courts of jurisdiction*." ECF 18, p. 11 (emphasis added). According to the

United States Supreme Court, this is all Massey needs to show to win on

this point: In cases "arising under federal law," "there is a deeply rooted

presumption in favor of concurrent state court jurisdiction, rebuttable

[only] if Congress affirmatively ousts the state courts of jurisdiction over a

particular federal claim." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368,

378, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012) (quotation marks and citation

omitted). It is undisputed that state courts may hear claims brought under

the Rehabilitation Act. See ECF 13, p. 11-14

**B.  The relevant question before this Court is the application of the Virginia nonsuit statute in a case where a defendant contests jurisdiction by entering a plea of sovereign immunity. Any federal cases, or cases from other jurisdictions which deal with equitable tolling, rather than statutory tolling, are inapposite.**

Virginia Tech argues its Response that "[t]he relevant question is the jurisdictional status of sovereign immunity under Virginia law." ECF 18, p. 9-10, fn. 3. Virginia Tech is close to identifying the real issue here—whether a federal court should apply the Virginia nonsuit statute when a state court has granted a plaintiff's request for a nonsuit after a Defendant pled a bar of sovereign immunity. Yet, Virginia Tech cites to numerous cases[1] which all

---

[1] *Shofer v. Hack Co.*, 970 F.2d 1316 (4th Cir. 1992) and *Woodson v. Allstate*, 855 F.3d 628 (4th Cir. 2017) are inapplicable for the reasons stated in Appellant's Opening Brief. See ECF 13, p. 15-18. The "ample caselaw from other jurisdictions" string-cited by Virginia Tech in Response, see ECF 18, p. 27-28, is also inapplicable as those decisions either consider cases which were filed in forums specifically disallowed by the applicable statute (as in *Shofer*) or deal only with equitable tolling, which is not at issue in this case. *See Bank of N.Y. Mellon v. Dowgiert*, 145 A.3d 138 (N.H. 2016) (SOL barred plaintiffs claims because they were not filed in the state court designated by the statute to hear such claims); *Young v. SEC*, 446 U.S. App. D.C. 339, 341, 956 F.3d 650, 652 (2020) (equitable tolling does not apply to save plaintiff's claims originally filed in the wrong court); *Jackson v. Astrue*, 506 F.3d 1349, 1357 (11th Cir. 2007) (same); *Farrell v. Automobile Club of Mich.*, 870 F.2d 1129, 1134 (6th Cir. 1989) (applying equitable tolling principles under federal law); *FDIC v. Nationwide Equities Corp.*, 304 So.3d 1240, 1243-44 (Fla. Dist. Ct. App. 2020) (same); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (1986) (same); *Chilcott Entertainment LLC v. John G. Kinnard Co.*, 10 P.3d 723, 726 (Colo. App. 2000) (improper filing in federal court did not toll the statute of limitations

stand for the same proposition: that filing in a court that lacks jurisdiction does not toll the statute of limitations. Massey understands this point of law, but that is not what this case is about.  In each case cited by Virginia Tech, the court is considering whether to apply principles of equitable tolling,[2] under which a court determines whether circumstances exist to find that the act of filing in a different court tolls the statute. Massey does not argue that the District Court should have found that the fact that he filed in state court tolled the statute. Rather, Massey maintains that he is entitled to statutory tolling under the Virginia nonsuit statute, a state tolling provision, which the federal court is obligated to apply. *Shofer v. Hack Co.*, 970 F.2d 1316, 1320 (4th Cir. 1992) (When a state statute of

---

for plaintiff's state law action because equitable tolling does not apply to claims brought under Federal Arbitration Act rules).

[2] Equitable tolling and statutory tolling under the Virginia nonsuit provision are not the same thing. *See Neal v. Xerox Corp.*, 991 F. Supp. 494, 499 (E.D. Va. 1998) (nonsuit tolling does not apply to Title VII claim, so court must look at principles of equitable tolling); *Marston v. Weaver*, 69 Va. Cir. 301, 302 (Rockingham 2005) (FLSA statute has its own limitations period so state tolling statute does not apply, though FLSA will permit equitable tolling); *Wayman v. Perdue Agribusiness, L.L.C.*, 103 Va. Cir. 347, 348 (Chesapeake 2019) (because maritime torts are governed by federal statute of limitations, plaintiff's nonsuit could not toll the statute of limitations; equitable tolling analysis involved a determination of whether employer attempted to mislead the employee).

limitations period applies to a cause of action, "a court must also apply state principles of tolling that limitation period.")

The extra-jurisdictional cases cited by Massey are not cited because they are directly on point, but they are instructive. *Bullock v. Univ. of Tex. at Arlington*, No. 4:21-cv-0864-P, 2021 U.S. Dist. LEXIS 236607 (N.D. Tex. Dec. 10, 2021), shows that when a state court dismisses a Rehabilitation Act claim against a state actor on the basis of sovereign immunity, a federal court will apply state law tolling provisions to determine if that case was timely refiled in the federal court after the state court dismissal. *Rivers v. Woodfield,* No. 90-21-N, 1990 U.S. Dist. LEXIS 20169, (E.D. Va. May 1, 1990), is cited to show that Virginia statutory tolling provisions which apply to cases which have been dismissed prior to a decision on the merits, apply to dismissals for lack of jurisdiction.  Massey points out that under *Rivers*, had the state court dismissed his case outright for lack of jurisdiction, he would have been able to appeal to the tolling provisions of Code § 8.01-229(E)(1), but since he essentially dismissed his case himself by taking a nonsuit, the tolling provisions of Code § 8.01-229(E)(3) apply. Massey's argument is that if a case can survive a court's official determination of lack of jurisdiction by appeal to the Virginia tolling statute, it can certainly

survive a situation where, as in this case, there was a plea of sovereign

immunity not yet ruled upon.

**C.   Virginia precedent does not state that a defendant's plea of sovereign immunity divests a court of subject matter jurisdiction such that a nonsuit order entered by the court would be *void ab initio*.**

The plain language of Virginia's nonsuit statute argues for liberal

application as long as the statutory prerequisites are met. *See McManama*

*v. Plunk*, 250 Va. 27, 32-33, 458 S.E.2d 759, 762 (1995) (trial court may not

"place limitations on the plaintiff's right to the voluntary nonsuit" which are

not found in the statute itself). Virginia Tech, however, suggests that

caselaw universally demands a finding of lack of subject matter jurisdiction

when a defendant is entitled to sovereign immunity, and says that the

Supreme Court of Virginia requires the presence of subject matter

jurisdiction before a trial court may grant a motion for a nonsuit.  What

appears to be an inconsistency between the statute and caselaw is

reconciled by considering what is meant by the term "subject matter

jurisdiction."

**1. The nonsuit statute itself suggests a court which lacks jurisdiction may issue a nonsuit. Further, Virginia law is clear that a court must always grant a nonsuit anytime the statutory prerequisites are met.**

Massey noted that the statute allows a nonsuiting plaintiff to refile his action in another court *only if* the court granting the nonsuit "is without jurisdiction, or not a proper venue, or other good cause is shown for proceeding in another court, or when such new proceeding is instituted in federal court." Code § 8.01-380(A). Thus, if a plaintiff refiles a suit in another court because the nonsuiting court is "without jurisdiction," it would appear based on the plain language, that the nonsuiting court lacked some kind of "jurisdiction" when it entered the nonsuit order. Virginia Tech argues this provision is in the statute to prevent forum shopping, and that is likely the case, but if Virginia law is, as Virginia Tech claims, that a court lacking jurisdiction may not grant a motion for a nonsuit, why would a plaintiff be able to take a nonsuit and then refile in another court to cure a jurisdictional defect?

Virginia Tech provides this answer: "If the statute provided no exception where the initial court lacked jurisdiction, however, it would effectively convert the nonsuit into an absolute bar on the plaintiff pursuing the claim." What Virginia Tech says the statute was designed to prevent, is

exactly what Virginia Tech argues should happen to Massey—that he can have his nonsuit, but not the tolling provisions, effectively barring his claim: "Because the [state court] lacked subject matter jurisdiction over Massey's suit, the nonsuit of Massey's case in that court did not toll the statute of limitations[.]" ECF 18, p. 19.

Virginia Tech further argues that the nonsuit statute, Code 8.01-380(A) "simply allows plaintiffs [who have filed their suit in a court lacking jurisdiction] to file subsequent suits in a court with jurisdiction; it does not provide that plaintiffs who initially filed in courts that lack jurisdiction are entitled to tolling." But Virginia Tech offers no support for this statement and there is no Virginia case which separates the grant of a nonsuit from the tolling provisions of Code § 8.01-229(E)(3). In fact, by its own terms, the tolling provision applies to "voluntary nonsuit[s] prescribed in 8.01-380," which clearly includes nonsuits in courts lacking jurisdiction described in Code § 8.01-380(A).

**2. Virginia Tech relies on an incorrect transitive analysis: That sovereign immunity divests a court of subject matter jurisdiction; that Virginia case law says that courts must have subject matter jurisdiction to grant a plaintiff's request for a voluntary nonsuit; and thus, that sovereign immunity divests a court of the authority to enter a nonsuit order.**

Subject matter jurisdiction can be "potential" or "active." *See Ghameshlouy v. Commonwealth*, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010). Active jurisdiction is adjudicative authority to decide the merits of a case. *Id; Whitt v. Commonwealth*, 61 Va. App. 637, 650, 739 S.E.2d 254, 260 (2013). Potential jurisdiction is derived from the statute under which a plaintiff brings his cause of action. See *Prizzia v. Prizzia*, 58 Va. App. 137, 160, 707 S.E.2d 461, 472 (2011) (quoting *Ghameshlouy v. Commonwealth*, 279 Va. 379, 388-89, 689 S.E.2d 698, 702-03 (2010)); *Morrison v. Bestler*, 239 Va. 166, 172, 387 S.E.2d 753, 757 (1990). *See, e.g., Culpeper Cty. Dep't of Soc. Servs. v. Caison*, Nos. 0867-19-4, 0900-19-4, 0901-19-4, 0902-19-4, 2020 Va. App. LEXIS 21, at *8-9 (Ct. App. Jan. 28, 2020) ("circuit court possessed potential jurisdiction over the petitions" because the Code empowered the court "to hear petitions for permanency planning").

Virginia case law is clear that sovereign immunity divests a court of *active jurisdiction. Afzall v. Commonwealth*, 273 Va. 226, 230, 639 S.E.2d

9

279, 281 (2007) (sovereign immunity divested the court of the "subject

matter jurisdiction to *adjudicate the claim*.") (emphasis added). *See also*

*Seabolt v. County of Albemarle*, 283 Va. 717. 719-722, 724 S.E.2d 715

(2012) (Virginia courts lack jurisdiction to *adjudicate claims* against

municipalities when the bar of sovereign immunity applies); *Gray v. Va.*

*Sec'y of Transp.*, 74 Va. Cir. 30, 31 (Richmond 2007) (citing

*Commonwealth v. Luzik*, 259 Va. 198, 206-07, 524 S.E.2d 871, 876-77

(2000) (sovereign immunity bars *consideration of the complaint*); *Doud v.*

*Commonwealth*, 282 Va. 317, 321, 717 S.E.2d 124, 126 (2011) (the courts of

the Commonwealth lack subject-matter jurisdiction *to adjudicate tort*

*claims* against the Commonwealth).

When sovereign immunity applies, a court may not adjudicate the

case upon the merits, but a court facing a plea of sovereign immunity may

still grant a nonsuit because "[a] nonsuit does not involve a decision on the

merits, rather, it 'simply [puts] an end to the present action.'. . ." *Morgan v.*

*Brophy*, 101 Va. Cir. 204, 206 (Chesapeake City 2019) (quoting *Payne v.*

*Buena Vista Extract Co.*, 124 Va. 296, 311, 98 S.E. 34 (1919)). *Accord*

*Branch v. Augusta Health Care, Inc.*, 92 Va. Cir. 126, 134 (Augusta 2015)

("a nonsuit order certainly does not" "adjudicat[e] a case on the merits").

Sovereign immunity does not divest a court of its "potential jurisdiction,"

and as Massey showed above, state courts have concurrent jurisdiction over Rehabilitation Act claims, see ECF 13, p. 11-14, and thus, the potential jurisdiction to grant a plaintiff's motion for voluntary nonsuit of a Rehabilitation Act claim.

The cases cited by Virginia Tech in its Response do not stand for the proposition that active jurisdiction, or the ability to decide the case on the merits, is a prerequisite to the entry of a nonsuit order. *McManama v. Plunk* determined that while failure to serve the defendant deprived a court of personal jurisdiction, the court could still enter the nonsuit order on the plaintiff's request because it had subject matter jurisdiction over the personal injury action.  *McManama*, 250 Va. at 32, 458 S.E.2d at 762.

*Morrison v. Bestler* held that a plaintiff's failure to comply with the statutory notice requirement in her first lawsuit may have deprived the court of its ability to adjudicate the case, but the trial court was still able to enter a nonsuit order because "Title 17 of the Code of Virginia . . . .unquestionably . . .  grant[s] [a circuit court] subject matter jurisdiction [over] [m]edical malpractice claims." *Morrison*, 239 Va. at 172, 387 S.E.2d at 757. The Supreme Court of Virginia held that the trial court had wrongly determined that it could not grant the nonsuit because it lacked "actual active jurisdiction over the first case." *Id.* at 169, 387 S.E.2d at 755. The

plaintiff's failure to comply with the notice provision did not divest the court of its potential jurisdiction over the subject matter of medical malpractice suits, and the trial court had authority to grant the nonsuit. *Id.* at 172, 387 S.E.2d at 757.

In *Branch v. Augusta Health Care, Inc.*, 92 Va. Cir. at 140, a Virginia trial court considered the propriety of an earlier issued second nonsuit order granted prior to the defendant being properly served. The court reasoned that while personal jurisdiction was not a predicate to issue a nonsuit, generally, "the failure of statutory notice stripped the Court of jurisdiction to . . . enter the [second nonsuit] Order." *Id.* The court determined that because the nonsuit statute bars a plaintiff from taking a second nonsuit without notice to the other parties, the second order issued prior to service on the defendant was *void ab initio*. *Id.* at 139.

Sovereign immunity divests a court of the ability to adjudicate certain claims against particular defendants. It does not tie the court's hands completely. Noting the distinction, one Virginia Circuit Court has observed the imprecise way jurisdiction is discussed when sovereign immunity is involved.

> Although sovereign immunity often is talked about in terms
> of *subject matter jurisdiction*, *see, e.g., Afzall v.*
> *Commonwealth*, 273 Va. 226, 230, 639 S.E.2d 279, 281

12

(2007), sovereign immunity—unlike subject matter jurisdiction—can be waived. Sovereign immunity also applies only to governmental parties, such that a court is not precluded from adjudicating a case against non-governmental co-defendants, making sovereign immunity akin to *personal jurisdiction*. *See generally* Caleb Nelson, *Sovereign Immunity As a Doctrine of Personal Jurisdiction*, 115 *Harv. L. Rev.* 1559 (2002). Furthermore, some courts and scholars refer to sovereign immunity as the assertion of *an affirmative defense. See, e.g., Hughes v. Doe*, 273 Va. 45, 52, 639 S.E.2d 302, 306 (2007); 1-VIII *Benedict on Admiralty* § 130 (2016).

*Pridemore v. Hryniewich*, 94 Va. Cir. 564, 573 n.6 (Norfolk 2016).

Because the presence of sovereign immunity does not deprive a court of potential jurisdiction, it cannot divest a court of the power to enter a nonsuit. Virginia Tech has pointed to no case which states otherwise. Instead, Virginia Circuit Courts entertain pleas of sovereign immunity after a plaintiff has suffered a voluntary nonsuit and refiled its case--without mention of the effect of sovereign immunity on the first-filed action. *See e.g., Consortium Sys., LLC v. Lane Eng'g, Inc.*, 95 Va. Cir. 73, 75 (Lee County 2017) (plaintiff took voluntary nonsuit in action against Commonwealth contractors; upon refiling, contractors pled sovereign immunity, and neither court nor contractors protested the second filing by arguing the first court's lack of jurisdiction to enter the nonsuit order).

**D. Virginia Tech's Response exposes their real argument in this case—that the state court granted Massey's Motion for a Nonsuit in error. Virginia Tech's Motion to Dismiss in the District Court appealing to the statute of limitations is essentially a collateral attack on a state court decision to grant a nonsuit.**

Virginia Tech's argument on its Motion to Dismiss convinced the District Court that it should not give credence to the state court's order granting the nonsuit. By the plain language of the statute, the tolling provisions follow the grant of the nonsuit, and the state court clearly granted the nonsuit.

Virginia Tech says that the federal court should not recognize the tolling provisions because the state court was without jurisdiction to grant the nonsuit, so the state court's order is *void ab initio*. See ECF 18, p. 18-19, *citing Singh v. Mooney*, 261 Va. 48, 52, 547 S.E.2d 549, 551 (2001) ("the lack of jurisdiction to enter an order . . . renders the order a complete nullity.") Virginia Tech also insinuates that the state court did not follow Virginia law:

> When federal courts must borrow state-law tolling rules for federal claims . . . they do not apply them any more broadly than the state would in its own courts. . . . Here, the Virginia courts would not find that the nonsuit tolled the statute of limitations, because the initial court lacked subject matter jurisdiction.

ECF 18, p. 20 (citations omitted).

Virginia Tech is essentially arguing that the federal court should determine that the state court erred in granting the nonsuit under Virginia law. Virginia Tech's Motion to Dismiss was really a collateral attack on a state court's order, which a federal court is not generally entitled to hear. *See Witcher v. Clarke*, No. 7:16CV00335, 2017 U.S. Dist. LEXIS 76262, at *3 (W.D. Va. May 18, 2017) (Federal Rules of Civil Procedure "cannot provide a vehicle by which a litigant may seek relief from any state court ruling whatsoever.")

If Virginia Tech really thought the state court was wrong to enter the nonsuit order, it should have taken the matter up with the state court. An order of nonsuit is a final, appealable order within the meaning of Code § 8.01-670(A)(3) when a dispute exists whether the trial court properly granted a motion for nonsuit. *Wells v. Lorcom House Condominiums' Council*, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989).

## II.    CONCLUSION

For the foregoing reasons, and the reasons stated in Massey's Opening Brief, Massey requests that this Court reverse the judgment of the District Court and remand this case for further proceedings.

Respectfully Submitted on August 11, 2022,


**JOHN DAVIS MASSEY, JR.**

By: /s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB# 75488)
L. Leigh R. Strelka, Esq. (VSB # 73355)
N. Winston West, IV, Esq. (VSB # 92598)
Brittany M. Haddox, Esq. (VSB # 86416)
STRELKA EMPLOYMENT LAW
Warehouse Row
119 Norfolk Avenue, S.W., Suite 330
Roanoke, VA  24011
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
winston@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*